420 So.2d 749 (1982)
Sylvia N. Trandacosta, wife of/and Nolan J. ESTOPINAL
v.
Mr. and Mrs. Donald J. BOURSHIE and Southern Savings Association.
No. 13095.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
*750 James W. Brodtmann, Chalmette, for plaintiffs-appellants.
Glenn E. Diaz, Chalmette, for defendants-appellees.
Before BARRY, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiffs, Sylvia N. Trandacosta, wife of/and Nolan J. Estopinal, brought this action in quanti minoris seeking a reduction in the purchase price of a house purchased from defendants, Mr. and Mrs. Donald J. Bourshie and Southern Savings Association.[1] The value of the reduction sought corresponds to the costs borne by plaintiffs for the repair of alleged latent defects in the property. Additionally, plaintiffs asked for attorney's fees, court costs and interest. From a non-jury verdict dismissing their suit, plaintiffs appeal. We reverse.
Prior to purchasing the house, on at least two occasions Mr. and Mrs. Estopinal inspected the house while accompanied by Mrs. Bourshie. On the first of these inspections the Estopinals noticed that a portion of the fascia board was rotten and that the joists underneath were also rotten. An inspection of the interior revealed a small hole in the ceiling of one room with the surrounding area stained apparently by water. Both of these defective areas were located in the rear portion of the house.
Mr. Estopinal mentioned the defective areas to Mrs. Bourshie. Mrs. Bourshie indicated that at one time the roof had leaked but that the problem had been repaired. She assured the Estopinals the roof did not leak. She also assured Mr. Estopinal that the rotten fascia board would be repaired.
Just prior to the act of sale Mr. Estopinal inspected the house again. Mrs. Bourshie *751 told him that a carpenter repaired the rotten fascia board. Mr. Estopinal saw that a new fascia board had been put up, although it had not been painted.
At trial Mr. and Mrs. Estopinal and Mrs. Bourshie testified that no other defects were apparent at the time of the act of sale. Mr. Bourshie neither participated in the showing of the house nor did he testify at trial.
After the sale, while in the process of renovation, Mr. Estopinal removed some sheetrock from the rear wall. He discovered the rear wall required replacement of sills, sill plates, rafters and weather boards. Mr. Estopinal also removed the gutters, molding and fascia boards in this rear area and discovered the joists were rotten. Additionally, Mr. Estopinal discovered that the roof leaked.
Mr. Estopinal hired a contractor to repair the rear wall and a roofer to repair the leaking roof. The repair fees totaled $2065.00. The Estopinals asked the Bourshies to pay half the repair costs, but the Bourshies refused.
In rendering judgment the trial court reasoned that "upon seeing [the defects noticed by plaintiffs prior to the sale], the burden shifts from the seller to the buyer to make further examination and inspection for his or her own benefit." The trial court ultimately found "that upon seeing these conditions that Mr. Estopinal should have investigated further and that his failure to do so is the cause of his loss, and therefore, the Court finds that the defects were apparent and legally discoverable by simple inspection and therefore, must dismiss the plaintiffs' suit." The trial judge applied a rule which shifts the burden from the seller to the buyer to conduct more extensive inspection once the buyer notices some defects. This is not a correct rule of law.
The correct rule that the trial court should have applied is whether a reasonably prudent buyer acting under similar circumstances would have discovered the defects. Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963); Fraser v. Ameling, 277 So.2d 633 (La.1973); Bernofsky v. Schwartz, 370 So.2d 590 (La.App. 4th Cir. 1979).
No burden shifts from seller to buyer. The law provides that the seller warrants the thing sold against hidden defects. L.S.A.-C.C. Arts. 2475, 2476. Hidden defects are those which cannot be discovered by simple inspection. L.S.A.-C.C. Art. 2521. Simple inspection involves more than mere casual observation. It requires the buyer who observes defects to conduct further investigation as would be conducted by a reasonably prudent buyer acting under similar circumstances. Simple inspection does not require the buyer to examine the inner or hidden parts of the object of the sale for the purpose of finding latent defects. There is no obligation on the part of the buyer to inspect with expertise or to deface the thing purchased while inspecting it. Pursell v. Kelly, supra; Fraser v. Ameling, supra; Bernofksy v. Schwartz, supra.
The defects in this house were not discovered until after the removal of sheetrock and fascia board. Mrs. Bourshie indicated that she had been unaware of any of the problems discovered by Mr. Estopinal in his renovation work. Mrs. Bourshie testified that she and Mr. Bourshie had lived in this house for thirty-two years and that these defective conditions were not visible at the time of sale. Accordingly, the defects which are the subject of this suit were not apparent but were hidden, not only from the buyers but also from the sellers.
Furthermore, the buyer has a right to rely upon the representations of the seller. The defects which Mr. Estopinal noticed prior to the sale were brought to Mrs. Bourshie's attention. Mrs. Bourshie assured the Estopinals that these defects had been repaired and were no longer problems. Before the sale a final inspection established that the defects appeared to have been corrected.
If the seller represents that suspected defects have been corrected and simple inspection establishes these representations to be accurate, the buyer need not investigate *752 further. Mr. Estopinal's final inspection just prior to the act of sale did not reveal any defects when considered in conjunction with Mrs. Bourshie's representations that the suspected defects had been corrected. Any further investigation by Mr. Estopinal would have involved removal of the sheetrock and the fascia board. The law does not require such activity as this would go beyond the scope of simple inspection.
Accordingly, the trial court's dismissal of plaintiffs' suit must be reversed. The plaintiffs are entitled to recover the costs of correcting the defects. L.S.A.-C.C. Arts. 2520, 2531, 2541. The contractors who performed the repair work testified at trial. The plaintiffs paid these men $640.00 to repair the roof and $1425.00 to repair the rear wall.
The plaintiffs are not entitled to recover attorney's fees. Mrs. Bourshie testified, and Mrs. Estopinal's testimony corroborated, that she had been unaware of the defects. We will assume Mr. Bourshie had been unaware of the defects, although he did not participate in showing the house nor did he testify at trial. The good faith seller is not liable for attorney's fees. L.S.A.-C.C. art. 2531.
Accordingly, the judgment dismissing plaintiffs' suit is reversed. Judgment is rendered in favor of the plaintiffs, Mr. and Mrs. Nolan J. Estopinal, and against defendants, Mr. and Mrs. Donald J. Bourshie, in the sum of two thousand sixty-five ($2065.00) dollars plus legal interest from the date of judicial demand, together with all costs of these proceedings.
REVERSED.
NOTES
[1] Before trial summary judgment was rendered in favor of Southern Savings Association dismissing plaintiffs' suit. No appeal was taken from this judgment and this judgment is now final.