448 So.2d 690 (1984)
Leo W. BARKER
v.
TANGI EXTERMINATING CO., et al.
No. 83 CA 0236.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 10, 1984.
Writ Denied June 8, 1984.
*691 Maurice D. Robinson, Jr., Hammond, for plaintiff-appellee.
Arthur Macy, Hammond, for defendant-appellee Tangi Exterminating Co.
Jonathan R. Schmidt, Hammond, for defendant-appellant Phillip Jenkins, et ux.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal by Phillip and Bonnie Jenkins (Jenkins) from a judgment of the trial court awarding the plaintiff damages and a reduction in the sales price of a house he and his wife purchased from the Jenkins in which termite damage was later discovered. The judgment of the trial court dismissed plaintiff's claim against Tangi Exterminating Company (Tangi) and no appeal was taken by plaintiff from this ruling. The Jenkins also appeal the dismissal of their third party demand against Tangi.
Defendants, Phillip and Bonnie Jenkins, sold their home to Leo and Alma Barker on June 9, 1978. In the purchase agreement between the Jenkins and the Barkers was a requirement that the house be inspected for termites and an infestation report submitted to the Barkers prior to the purchase of the house. At the time, the Jenkins had a contract with Tangi. Tangi had treated the house approximately seven years earlier for termites and had conducted annual inspections and/or treatments thereafter. The Jenkins secured a termite infestation report from Tangi which was furnished to plaintiff at the sale. The certificate indicated that there was no evidence of termite infestation or damage. It was unclear from the testimony at trial whether Tangi had actually inspected the house on the date the report was made or had merely relied on past inspection data to fill out the report. After obtaining the report, the plaintiff closed the sale.
Plaintiff and his wife had inspected the house on at least two occasions prior to the sale along with a real estate agent and had seen no evidence of termite damage. However, when they took possession 30 days after the sale, they discovered signs of termite damage in places where furniture of the Jenkins had previously been located. Upon removal of baseboards and sheetrock on the walls more extensive damage was discovered.
The Barkers subsequently brought suit for a reduction of the sales price and damages, naming the Jenkins and Tangi as defendants. The Jenkins answered denying plaintiff's allegations and, in the alternative, filed a third-party demand against Tangi praying for indemnification from Tangi for any liability the Jenkins might incur on the principal demand.
After trial on the merits, judgment was rendered by the trial court against the Jenkins, granting plaintiff a reduction of the sales price, damages and attorney's fees totaling $3887.50.[1] Tangi was dismissed from the suit. Defendants, Phillip and Bonnie Jenkins, appeal.
Defendants argue on appeal that if the plaintiffs could discover the termite damage after taking possession of the house, such damage should have been discoverable during their inspections of the house prior to purchase. We find no merit in this argument.
The seller warrants the thing sold against hidden defects. La.C.C. arts. 2475, 2476. Hidden defects are those which cannot *692 be discovered by simple inspection. La. C.C. art. 2521. Simple inspection is one made by a reasonably prudent buyer, with no special knowledge, and under no obligation to deface the thing purchased while inspecting it. Fraser v. Ameling, 277 So.2d 633 (La.1973); Pursell v. Kelly, 244 La. 323, 152 So.2d 36 (1963).
The most substantial damage to this house was not discoverable upon simple inspection. It was not until the sheetrock and baseboards were removed that the full extent of damage could be seen. There was some sawdust around parts of the baseboard that would perhaps have put the plaintiff on notice to investigate further; however, testimony indicated that at the time of the plaintiff's inspection of the house, the Jenkins' furniture concealed these baseboards. The real estate agent who accompanied the Barkers on two occasions testified that she did not see any signs of termite damage.
Based on the above facts, we find no manifest error in the trial judge's conclusion that the termite damage was a hidden defect sufficient to diminish the value of the house, and therefore the plaintiff was entitled to a reduction in the purchase price. See Canter v. Koehring Co., 283 So.2d 716 (La.1973); Newman v. Dixie Sales and Service, 387 So.2d 1333 (La.App. 1st Cir.1980).
The defendants also take issue with the amount of damages and reduction. The trial judge is afforded wide discretion in the amount of reduction in an action in quanti minoris, and his decision will not be disturbed on appeal in the absence of manifest error. Newman, 387 So.2d at 1335. In this case, the trial judge ordered defendants to pay plaintiff $250.00 for materials purchased for repairs; $341.00 for the cost of termite treatment; $2,296.50 which was the estimated cost of completing repair of the house; and $1000.00 in attorney's fees, plus legal interest and costs. The measure of reduction in an action in quanti minoris involving a building is the amount necessary to convert the unsound structure to a sound one. Fraser, 277 So.2d at 639. The $2,296.50 to repair the house and the $250.00 for materials represent this amount. These figures were unrefuted by the defendants at trial. We find no error in these amounts.
Damages, including attorney's fees, are awardable in a case in which the trial court orders a reduction in price because of vices in the thing sold where the seller has knowledge of the vice which he does not declare to the buyer. La.C.C. arts. 2544, 2545. The trial judge found that the Jenkins were aware of the termite damage at sale and failed to declare this to the plaintiff. There is sufficient evidence to support this conclusion. We find the award of $1000.00 attorney's fees proper. Plaintiff's request for additional attorney's fees for time spent on this appeal may not be considered by this court, as plaintiff did not appeal or answer the appeal. La.C.C.P. art. 2133; Celestin v. Fireman's Fund Insurance Company, 430 So.2d 1263 (La. App. 1st Cir.1983). The trial judge also found that the damage necessitated a new termite treatment which cost $341.00. We find no error in this conclusion.
Finally, the Jenkins argue that in the event the judgment of the trial court is affirmed Tangi should be held responsible for its failure to properly report the existence of damage. The trial judge found that the Jenkins were aware of the termite damage. The Jenkins and Tangi were the only parties to the contract at the time the certificate was asked for and given. Any question of "reliance" by the Jenkins on that certificate to their detriment is answered by the finding that the Jenkins were aware of some damage. We do not think the failure of Tangi to remove baseboards and wallboards in order to conduct a more extensive investigation constituted a breach of its contract with the Jenkins. This is more properly a function of persons qualified in building construction and repair. Bonhagen v. Hooper, 195 So.2d 447 (La.App. 4th Cir.1967), writ refused, 250 La. 634, 197 So.2d 652 (1967). Therefore, we find no error in the trial judge's dismissal *693 of the Jenkins' third party demand against Tangi.
For the reasons assigned, we affirm the judgment of the trial court holding defendants, Phillip and Bonnie Jenkins, liable for a reduction in the purchase price of the house they sold to the plaintiff. We also affirm the damages awarded by the trial judge in the amount of $3887.00.[2] Defendants are to pay all costs of this proceeding.
AFFIRMED.
NOTES
[1] We note that there is a slight discrepancy between the amount awarded in the signed judgment and the total of the amounts given in the trial judge's reasons for judgment. The signed judgment awards damages in the amount of $3887.00 and in the reasons for judgment the amounts total $3887.50. The signed judgment should prevail. See Hebert v. Hebert, 351 So.2d 1199 (La.1977).
[2] See Footnote # 1.