SCHOTT, Chief Judge.
This is an action in redhibition by plaintiff, Loren Sonfield, who purchased a used automobile from defendant, Sam E. Burle-son, Jr.. The case was tried by a commissioner who made findings of fact and recommended that the case be dismissed. The trial judge adopted the findings and recommendation and plaintiff has appealed. The principal issue is whether a malfunctioning odometer furnished a basis for plaintiff to sustain her action in redhibition.
On October 25, 1985 plaintiff purchased a 1979 BMW automobile from defendant for $13,500. Mrs. Burleson had shown her the car. The odometer registered 53,122 miles. On October 28 she discovered that the odometer was not working. She testified that she called Mrs. Burleson and she said she knew it wasn’t working and thought the problem was a fuse. Plaintiff discovered an inspection certificate in the car which showed that the odometer had registered the same 53,122 miles on April 26, 1985. She also learned that the odometer had registered 51,575 when defendant purchased the car on April 3, 1984.
On October 30 plaintiff wrote to defendant outlining the facts she had discovered, suggesting that the car had many, many more miles on it than he had indicated, and asking for his position. On November 11 he responded that the odometer accurately reflected the mileage, the odometer was working, and he had used the automobile very little when he owned it in any event. On December 6, 1985 plaintiff took the car to a mechanic, John Weathers, who ran a compression test on the engine and concluded that its actual mileage was 90,000. On March 10, 1986 while plaintiff was driving the car it stopped functioning when a piston rod failed and cracked the engine block. She had the car repaired for $4,360 which included the replacement of the engine block. She alleges that the car failed because it had so many more miles of use than she thought it did when she purchased it.
In dismissing her suit the trial court made a number of factual findings adverse to plaintiff's case including the following: plaintiff had first seen and test driven the car at night and knew the dashboard lights did not work; there was no evidence that defendant attempted to conceal the defect; she had ample opportunity to discover the odometer was inoperable before she took title to the car; the mechanic’s estimate of 90,000 miles was not convincing; there was no bad faith on the part of the seller; and plaintiff failed to sustain her burden of proof.
Redhibition is the avoidance of a sale because of some defect in the thing which renders it useless or causes its use to be so inconvenient that it must be supposed that the buyer would not have purchased it had he known of the defect. LSA-C.C. art. 2520. In a redhibitory action the buyer must prove that the defect existed before the sale was made. C.C. art. 2530. To the extent that plaintiff’s case is based on the contention that the defect in the engine which destroyed it on March 10, 1986 constituted an actionable redhibitory defect, the trial court correctly dismissed her suit because she failed to prove that this defect existed before she bought the car. However, plaintiff’s cause of action is also based upon C.C. art. 2529 which provides:
A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.’
The inspection certificate established that the odometer had been inoperative for over six months before defendant sold the car to plaintiff. Plaintiff was initially induced to buy the car by an advertisement defendant had placed. The advertisement specifically mentioned low mileage as a fea *491 ture of the car. Plaintiff and her friend testified that mileage was an important factor in the purchase and she had decided to purchase defendant’s BMW over another because defendant’s had lower mileage even though the price was higher. Plaintiff also testified that Mrs. Burleson vouched for the mileage shown on the car’s odometer when she first saw the car. This testimony was uncontradicted since Mrs. Burleson did not testify.
Defendant testified that he was not aware that the odometer was inoperable when he sold the car. Confronted with the mute evidence of the brake inspection certificate he cannot deny that it was inoperable for at least six months, but he testified that he and his wife used the car very little and the actual mileage would be little more than that shown on the odometer.
The trial court made no findings in this regard. We know that the odometer had not worked at least since April 26, 1985. Since defendant took the position that he was unaware of the problem he cannot eliminate the possibility that the odometer stopped working at any time since he purchased the car in April, 1984. The trial court found that defendant was not in bad faith. Art. 2529 dos not condition recovery on a showing of bad faith. The article conditions recovery only on 1) a declaration by the seller that the thing has a particular quality; 2) a finding that the thing lacks this quality; and 3) a finding that the quality was the principal concern of the purchaser.
The declaration in this case was that the mileage shown on the odometer was accurate which plaintiff proved was not the case. Her testimony and that of her friend established that the car’s mileage was the principal motive for purchasing it. Again the trial court made no finding on this issue. In considering the importance of the mileage on an automobile to a prospective purchaser and the significance of the misrepresented mileage in these proceedings we are impressed with the following expression of national policy found in the first section of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. section 1981 et seq. (1974):
The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.
Defendant contends that plaintiff lost her right to recover by failing to take prompt action upon learning that the odometer was inoperable. The evidence shows that upon receiving defendant’s November 11 denial of liability plaintiff seemed to acquiesce in making the best of it. She made no further effort to return the car and used it until the engine failed. Nonetheless, she had already acquired the right to bring an action in redhibition under art. 2529 and the prescriptive period for bringing the action was one year from the date of the sale. Art. 2534. Since defendant’s theory is inconsistent with plaintiff’s right under the law of prescription it has no merit. We have concluded that plaintiff is entitled to recover under art. 2529.
Plaintiff is entitled to a rescission of the sale and return of the purchase price of $13,500. However, since she continued to use the automobile for six months knowing full well it had more mileage than shown on the odometer and since she was unable to prove that the defect which caused the failure of the engine was present when she purchased the car, she is not entitled to the cost of repairing the vehicle.
*492 Plaintiff seeks damages under 15 U.S.C. § 1989(a) which provides for treble damages and attorney fees where any requirement of the title is violated. Defendant’s conduct constituted a violation of § 1988(a)(2) which requires disclosure by the seller that the actual mileage is unknown where the odometer reading is known by the seller to be different from the actual mileage. Nonetheless, the question remains as to whether his conduct provides a basis for the imposition of treble damages and attorney fees under § 1989(a) which conditions recovery on a finding that the transferor violated the requirement “with intent to defraud”. The trial court found that defendant was not in bad faith. On its face this finding seems erroneous considering that the odometer hadn’t operated for at least six months before he sold the car. On the other hand defendant testified that he seldom used the car, that his wife had been the regular user. Under these circumstances the trial court could reasonably accept his testimony that he had no knowledge that the odometer was not functioning.
In Nieto v. Pence, 578 F.2d 640 (5th Cir.1978) the court held that actual knowledge that the mileage is unknown is not required to prove intent to defraud if the transferor reasonably should have known that the odometer reading is incorrect. However the court noted that its conclusion was “rooted in the facts of [the] case” and seemed to attach special significance to the fact that the transferor there was a dealer. See footnote 3 at page 642. In Goeman v. Keating, 498 F.Supp. 700 (D.S.D.1980) the court did impose the statute’s penalties on a transferor who was a private individual under circumstances which, on the surface, seem much like the facts of the present case. There the plaintiff bought from the defendant a nine-year-old automobile whose odometer read 76,435 miles. Defendant did not disclose that the reading was inaccurate due to a twice-broken odometer. Six months later plaintiff sold the automobile to a third party who discovered an oil sticker on the car dated September 12, 1977 with the same mileage reading as the odometer showed when plaintiff purchased the car in February of 1978. Despite these similarities with the present case, however, in the cited case the court found that the defendant had actual knowledge that the odometer was inaccurate because he had fixed the odometer on two occasions and admitted that he did not know how long it had been broken or the true mileage of the car. In the instant case the trial court found no bad faith on defendant’s part and this finding has support in the record. We have concluded that the imposition of the penalties under § 1989(a) is not warranted.
Plaintiff’s final request is for attorney fees under Louisiana law. Art. 2547 makes a seller liable for damages and attorney fees only where the seller has actual knowledge of the fact giving rise to redhi-bition. In view of the trial court’s finding of no bad faith on defendant’s part which we cannot conclude was manifestly erroneous plaintiff is not entitled to attorney fees.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of plaintiff and against defendant rescinding the sale of the 1979 BMW. Within ten days after this judgment becomes final plaintiff is ordered to return the automobile to defendant and defendant is ordered to pay the sum of $13,500 to plaintiff with legal interest from the date of the automobile’s return until paid. All costs of these proceedings are taxed against defendant.
REVERSED AND RENDERED.
PLOTKIN, J., concurs.