538 So.2d 309 (1989)
Joann Cangelosi, Wife of/and Dominick DITCHARO, Jr.
v.
Janice Bush, Wife of/and Dennis D. STEPANEK, et al.
No. 88-CA-572.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
Limited Rehearing Granted February 17, 1989.
Writ Denied April 7, 1989.
*311 Carmouche, Gray & Hoffman, Lawrence J. Centola, Jr., New Orleans, for Northbrook Surplus Ins. Co., defendant-appellant.
George B. Richard, Marrero, for Murdock Richard and Paul Richard, both d/b/a Murdock Richard & Co., defendants-appellants.
Windhorst, Gaudry, Talley & Ranson, Daniel A. Ranson, Gretna, for Joann Cangelosi, wife of/and Dominick Ditcharo, Jr., plaintiffs-appellees.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
Plaintiffs, Joann Cangelosi, wife of/and Dominick Ditcharo, Jr., filed suit on June 9, 1983, seeking rescission of their purchase of a home located at 2552 Fawnwood Road, Marrero, Louisiana. In addition they sought damages for repairs necessitated by plaintiffs' discovery that the home, purchased on December 1, 1982, was termite-infested. Made defendants were the sellers, Janice Bush, wife of/and Dennis D. Stepanek; the real estate brokers, Murdock Richard and Paul Richard, both d/b/a Murdock Richard & Company; and the termite inspector, Jules G. Adams, d/b/a Ajax Termite and Pest Control Company.
Plaintiffs alleged that Adams falsely certified the house to be termite-free on November 30, 1982; that plaintiffs purchased the house on December 1, 1982, relying on Adams' representations; that Murdock Richard entered into a contract with Adams on December 2, 1982, to have the house fumigated against the termites; and that the Stepaneks, the Richards, and Adams all were aware at the time of the sale that the house was not termite-free. Plaintiffs sought return of their $180,000 purchase price and other expenses and damages, for a total of $222,055.64. In the alternative plaintiffs sought a reduction in the purchase price in a sum sufficient to pay for disassembling the structure to determine the extent of structural damage and for repairing such damage.
In the answer filed by Murdock Richard and Paul Richard, they alleged the Ditcharos met with all the defendants on December 1, 1982, prior to the act of sale to inspect the premises and that Adams pointed out to plaintiffs and the other defendants the signs of termite infestation; that all parties agreed to have the home treated for termites; and that the plaintiffs elected to proceed with the act of sale that day nonetheless.
In addition, the Richards asserted they merely acted as real estate agents for the sellers and were not part of any arrangements pertaining to the termite treatment. Since they were not owners of the property, the Richards asserted, they cannot be liable for any damages to the plaintiffs.
The Stepaneks filed an answer reiterating the Richards' claim that the Ditcharos knew of the existence of termites at the time of the sale. In addition, the Stepaneks filed a third-party demand against Jules Adams, d/b/a Ajax Termite and Pest Control Company, asserting he was liable to indemnify them for any damages for which they might be cast in the suit.
Adams simply filed a general denial of the plaintiffs' allegations. Prior to trial Adams died and his legal representatives were substituted in his place as defendants.
Plaintiffs filed a supplemental and amending petition adding as defendants United States Fidelity & Guaranty Company (USF & G), as surety on a $2,000 performance bond on Jules Adams, and Northbrook Surplus Insurance Company as Adams' liability insurer. The Richards then filed a third-party demand against these insurers.
Northbrook moved for summary judgment, asserting this incident was excluded from coverage by a policy provision. The motion for summary judgment was denied. Subsequently, plaintiffs settled with USF & G and dismissed that defendant from the suit.
*312 Following a non-jury trial on the merits, the trial court rendered judgment in favor of the plaintiffs, finding them entitled to damages of $8,869.23 (the cost of repairs to the house), plus legal interest from date of judicial demand, for all costs, and for attorney's fees in the amount of $3,000. The defendants' third-party demands were dismissed.
In his reasons for judgment, the trial judge found the following facts:
The day before the sale, November 30, 1982, Paul Richard and Jules Adams made a termite inspection of the premises and Adams prepared a termite certificate indicating he found no evidence of active termite infestation. However, Adams testified in his deposition (which was used at trial in lieu of his testimony because of his death) that he told both Richards the house had to be treated for termite infestation.
The day following the sale Adams showed Mr. Ditcharo various places where termites had entered the home, but assured Ditcharo he had killed all the termites. Within a few days, the Ditcharos discovered more termites and within a few weeks the termites had eaten through the French doors.
The judge concluded further the Stepaneks were aware of the termites but failed to disclose the fact to the plaintiffs. Accordingly, he held the Stepaneks liable for attorney's fees under LSA-C.C. art. 2545.
He also found that Murdock Richard and Paul Richard knew the house was infested with termites and that they had a legal duty to disclose the fact to the plaintiffs. He found that Adams intentionally misrepresented the condition of the property, because he was fully aware of the infestation yet issued a termite certificate that indicated the contrary.
Finally, the judge found Northbrook's policy provided coverage for the plaintiffs' damages.
Subsequently, the court amended the judgment to grant the defendants a credit of $1,950 against the award, representing the amount of plaintiffs' settlement with USF & G.
Northbrook and the Richards have appealed.
On appeal, Northbrook asserts the trial court erred in finding Jules Adams at fault, in finding that Northbrook's policy provided coverage for this situation, and in holding Northbrook liable for attorney's fees.
Similarly, Murdock Richard and Paul Richard contend the trial judge erred in failing to find that plaintiffs had knowledge of the termites prior to the sale, in failing to find that the parties had settled and resolved the termite problem prior to the act of sale, in finding the Richards liable under redhibition theory when they were not the sellers but were only the real estate brokers, in awarding attorney's fees against the Richards, and in failing to recognize their third-party demand against Northbrook for indemnification.
The Ditcharos, on the other hand, seek to have this court award them damages for inconvenience and mental anguish arising out of the defendants' actions, which demand was implicitly denied by the trial court's silence on the issue. We cannot consider this request, however, because plaintiffs failed to file a timely answer to the appeal.[1]
The first issue to be determined is whether the trial judge erred in his factual findings regarding the knowledge of the plaintiffs. The testimony of the plaintiffs was that they did not know and were not informed of the infestation; the testimony of the defendants was to the effect that plaintiffs *313 were informed of and were present when the infestation was discussed among the defendants.
The trial judge's conclusions regarding the plaintiffs' knowledge or lack of knowledge of the termite infestation prior to the sale are factual conclusions. "When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error." Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no clear error in the trial court's factual determinations; accordingly, we cannot reverse those findings.
This conclusion obviates any consideration of whether the plaintiffs settled their claim by agreeing to have the Stepaneks pay for a termite control contract, as asserted by the Richards. Implicit in the trial court's conclusion that the plaintiffs had no knowledge of the infestation is a finding that they could not, therefore, have compromised their claim prior to the sale.
Next we address the liability of the appellants.
A real estate agent has a duty to relay accurate information about the property he is selling. Mintz & Mintz Realty Co., Inc. v. Sturm, 419 So.2d 981 (La.App. 4 Cir.1982). This duty extends to both vendor and purchaser and the broker may be held liable if the duty is breached. Guidry v. Barras, 368 So.2d 1129 (La.App. 3 Cir.1979). Such an action is ex delicto and stems from a breach of duty owed by the broker to the public at large. Kearney v. Maloney, 296 So.2d 865 (La.App. 4 Cir. 1974) (On Limited Rehearing).
The Richards' contention seems to be that plaintiffs sued under the theory of redhibition and therefore they stated no claim against the Richardsin effect, that they failed to state a cause of action. In Louisiana, however, pleadings are interpreted by the facts they assert, not by the legal theories set forth. Plaintiffs set forth and proved facts that plainly establish a cause of action in tort against the Richards. Accordingly, the trial judge did not err in finding liability on the part of Murdock Richard and Paul Richard, both d/b/a Murdock Richard & Company.
In addition, because the Richards had an independent duty to the plaintiffs, the trial judge did not err in dismissing their third-party demand against Adams and Northbrook for indemnification.
With respect to the liability of Jules Adams, Northbrook argues the testimony establishes the plaintiffs knew of the existence of the termites but elected to proceed with the issuance of a termite-free certificate in order to allow the act of sale to be confected. As stated above, however, we find no manifest error in the trial judge's factual conclusions arising from his reasonable credibility determinations.
Northbrook also argues the evidence establishes Adams' issuance of a clear termite certificate is not uncommon in the pest control business and that this is sometimes done when the termite inspector knows the premises will be treated for any infestation that has been found.
Regardless of whether such a practice is common within the pest-control trade, however, we cannot condone such a misrepresentation where, as here, the plaintiffs were misled by it to their detriment.
Alternatively, Northbrook asserts Adams' act is excluded from coverage because Adams' policy was for manufacturer's and contractor's liability, which provided coverage on a per-occurrence basis and did not provide coverage for any intentional misrepresentations. We cannot consider this contention, however, because Northbrook failed to raise this issue in the trial court. Accordingly, it cannot be raised for the first time on appeal. (The only coverage defense asserted by Northbrook in the trial court was that coverage was excluded by another provision found inapplicable by the district court and not before us on this appeal.)
The final issue raised by the appellants is whether the trial judge erred in holding them solidarily liable with the Stepaneks *314 for attorney's fees. They point out that in Louisiana attorney's fees are allowed only by statute or by contract. See Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La.1984). Statutes that provide for an award of attorney's fees should be strictly construed, because such an award is penal in nature. Id.
Attorney's fees were awarded here pursuant to LSA-C.C. art. 2545, under which a seller who knows the vice of the thing sold but omits to declare it is answerable to the buyer for the restitution of the price, repayment of the buyer's expenses, including attorney's fees, and for damages.
The liability of the Richards, Adams, and Northbrook is not predicated on redhibition but on the tort duty principles enunciated above. The Ditcharos assert that, because these defendants are liable in solido with the Stepaneks for the damages awarded, they are also liable for the attorney's fees. Considering the rules governing awards of attorney's fees in this state, we disagree and, therefore, must amend the judgment to make the attorney's fees award applicable only to the Stepaneks.
For the foregoing reasons, the judgment of the district court is amended to make the award of attorney's fees applicable only against Janice Bush, wife of/and Dennis D. Stepanek. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.
ON LIMITED REHEARING GRANTED.
PER CURIAM.
We granted a limited rehearing in this matter solely to address issues raised in the answer to the appeal filed by Mr. and Mrs. Ditcharo.
We disregarded these issues in our original opinion because, through inadvertent error, we held they were not properly raised. We stated that the Ditcharos had failed to file a timely answer to the appeal, because the record transmitted to us by the district court did not contain such a pleading.
With their application for rehearing, however, the Ditcharos provided us with a certified copy of their answer to the appeal, establishing to our satisfaction that it was filed on July 14, 1988, and thus was a timely answer under LSA-C.C.P. art. 2133. Accordingly, we have granted this limited rehearing and simultaneously rendered our opinion on the matters raised therein. We did not request additional briefs from the parties because these issues were discussed in their original briefs.
In their answer to the appeal the Ditcharos sought an award of damages for nonpecuniary injuries (e.g., inconvenience and mental anguish) resulting from the defendants' actions. They also sought additional attorney's fees for the appeal.
We find the plaintiffs are entitled to recover nonpecuniary damages. Under the Civil Code, damages for mental anguish, aggravation, distress and inconvenience are recoverable where the plaintiff's damages sound in tort. LSA-C.C. art. 2315. Thus, because we have determined that Murdock Richard, Paul Richard, Jules Adams or his heirs, and Northbrook Insurance Company are liable to the plaintiffs in tort, unquestionably the plaintiffs are entitled to an additional award against those defendants for any proven nonpecuniary damages.
The right to recovery of nonpecuniary damages against Mr. and Mrs. Stepanek, who as vendors were liable to the plaintiffs in contract, is governed by Civil Code Article 1998:
"Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
"Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee."
Article 1998, passed by Acts 1984, No. 331, differs slightly from the prior rule on *315 the award of nonpecuniary damages arising from breach of a contract, contained in former LSA-C.C. art. 1934. As interpreted by the Supreme Court in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), Article 1934 allowed recovery of damages for nonpecuniary losses only for breach of a contract that had "intellectual enjoyment" as its principal or exclusive purpose. Article 1998, which superceded Article 1934, allows nonpecuniary damages where the contract has been made for the gratification of a nonpecuniary interest that was known or should have been known to the obligor.
Applying the requirements of Article 1998 to the situation here, we conclude the vendors must have known this house would be the principal residence of the purchasers. With a sale price of $180,000, the vendors must have known the house would be considered a "luxury" home or, as described by the plaintiffs, their "dream home." Under such circumstances, it must have been within the contemplation of the vendors that the plaintiffs bought the house not only as a financial investment but also for the comfort, convenience, and aesthetic enjoyment inherent in living in a fine home. Similarly, the Stepaneks must have known or should have known that their failure to inform the Ditcharos of the presence of termites would cause not only financial loss but also distress and inconvenience to the Ditcharos. Accordingly, the Stepaneks are liable for any nonpecuniary damages proven to have been suffered by the Ditcharos.
Having found the plaintiffs entitled to nonpecuniary damages from all the defendants, we must review the evidence to determine whether the plaintiffs proved such damages.
Mr. Ditcharo testified,
"I'm the type of man that takes care of everything I own and worked hard for everything I've got. If I can't buy it new, it's got to be almost perfect. And I definitely wouldn't have bought a house for a hundred and eighty thousand dollars if somebody's going to tell me * * * there's termites * * *. There's no possible way.
He stated that when they bought the house they had plans to add on to it; after weeks of dealing with the termite damage and subsequent repairs, however, they scrapped their plans for remodeling. He stated the situation with the house almost caused a divorce between him and his wife. He also said his wife became so "down" she wouldn't talk and she "just couldn't handle it"; he even hired someone to come in and do his wife's work. It was four or five months before the situation improved. He stated, "It was more or less a dream house. Then it all turned sour for her." He also testified that, when buying the house, they had planned to live the rest of their lives in it.
Mrs. Ditcharo testified that the termites left trails of mud on the curtains and the walls and that Jules Adams had treat the house twice to get rid of the termites; that the termites ate holes all the way through the doors, so that you could see daylight through the wood; that she became so aggravated she "didn't care ... if the whole house caved in"; that she worried about damage to her expensive furniture; that she had to make numerous telephone calls to get the problems taken care of; that she was so upset she cried; that she suffered embarrassment when visitors saw the big holes cut in the walls during the repair work; the family had to live with holes in the walls, their furniture covered and moved out of the way, while the doors and sheetrock had to be pulled off.
We find sufficient evidence to establish that the plaintiffs suffered nonpecuniary damages in the form of anxiety, emotional distress and inconvenience, justifying an award of $2,000 to compensate them for these damages. Added to the $6,919.23 awarded in the district court judgment, as amended, the total amount recovered by the Ditcharos is $8,919.23.
Regarding additional attorney's fees for the work done by plaintiffs' attorneys on this appeal, we find the plaintiffs entitled to an additional $1,500 in attorney's fees, for a total of $4,500. As stated in our *316 original opinion, the attorney's fees are assessed against the Stepaneks only.
For the foregoing reasons and for the reasons assigned in our original opinion, the judgment of the district court is affirmed in part, amended in part, and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiffs, Joann Cangelosi, wife of/and Dominick Ditcharo, Jr.; and against the defendants, Janice Bush, wife of/and Dennis D. Stepanek; Murdock Richard and Paul Richard, both d/b/a Murdock Richard and Company; Northbrook Surplus Insurance Company; and a partnership known as Ajax Termite Control Company; in solido, in the amount of EIGHT THOUSAND NINE HUNDRED NINETEEN AND TWENTY-THREE HUNDREDTHS ($8,919.23) DOLLARS, plus legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs and against defendants Janice Bush, wife of/and Dennis D. Stepanek for attorney's fees in the amount of FOUR THOUSAND FIVE HUNDRED AND NO HUNDREDTHS ($4,500.00) DOLLARS.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all the defendants be cast, in solido, for all costs incurred by the plaintiffs in this matter and that the following expert witness fees be taxed as costs: William Hildreth, $200.00; Edgar B. Benton, $200.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the third-party demands of Janice Bush, wife of/and Dennis D. Stepanek and of Murdock Richard and Paul Richard, both d/b/a Murdock Richard and Company, are hereby denied.
AFFIRMED IN PART, AMENDED IN PART, RECAST AND RENDERED.
NOTES
[1] In their brief they state they have answered the appeal, but we find no record that they filed any answer. LSA-C.C.P. art. 2133 states that an appellee who desires to have the judgment modified, revised, or reversed in part must file an answer to the appeal not later than fifteen days after the return day or the lodging of the record, whichever is later. Here, there was no return date noted in the record; however, the record was lodged on August 30, 1988. Thus, the answer to the appeal would have been due no later than September 14, 1988. Because the Ditcharos' brief was not filed until October 28, 1988, we cannot consider it to have satisfied this requirement.