602 So.2d 1127 (1992)
Noel LANDAICHE, d/b/a Noel's Used Car Sales
v.
SUPREME CHEVROLET, INC.
No. 91 CA 1152.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*1129 Douglas R. Cyrex, Gonzales, for plaintiff.
Bill Morvant, Baton Rouge, for defendant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment, granting rescission of the sale of an automobile.

BACKGROUND
On or about August 6, 1988, Ty M. Dempster traded a 1984 Mitsubishi automobile to Supreme Chevrolet, Inc. (Supreme). Although Dempster executed an odometer mileage statement on August 9, 1988, indicating *1130 that the mileage of the vehicle was 37,519, Dempster explained to Supreme that he had changed the odometer head and the motor in the car and that the car actually had approximately 66,000 miles on it. The trade-in agreement executed by Dempster and Supreme reflected that the mileage of the Mitsubishi automobile was 66,040.
On August 10, 1988, Supreme sold the Mitsubishi automobile to Noel's Used Cars Sales (Noel's). Supreme negotiated with Mr. Jo Jo Bourque concerning the sale of the car. Supreme disclosed the discrepancy between the odometer reading of the car and its actual mileage to Bourque. In connection with the sale, Supreme sent Noel's the odometer statement sworn to by Ty M. Dempster, stating that the mileage of the car was only 37,519. In addition, Supreme provided Noel's with an invoice for the vehicle. Originally Supreme executed an invoice reflecting the mileage of the vehicle to be 66,040. However, this invoice was voided, and Noel's was provided with an invoice indicating that the mileage was 37,519.[1]
On or about January 10, 1989, Noel's sold the car at an auction to Quality Wholesale Co. (Quality). The invoice associated with the sale from Noel's to Quality reflected that the mileage of the vehicle was 39,743. Upon scrutiny of the car, personnel from Quality began to suspect that the car had more mileage than the odometer revealed. The owner of Quality initially contacted Supreme and was informed that the car actually had over 60,000 miles on it. After Quality contacted Noel's concerning the odometer discrepancy, Noel's agreed to rescind the sale to Quality.
On March 31, 1989, Noel's filed suit for redhibition against Supreme, seeking return of the purchase price of the car, the costs of repairs, attorney's fees, and loss of profits and future business for injury to Noel's reputation.
After a trial, which was held on May 15, 1991, the trial court rendered judgment in favor of Noel's, rescinding the sale and awarding Noel's $2,600.00 for the purchase price and $485.00 for repairs. From this judgment, Supreme appealed, assigning the following errors:
1. The trial court erred in failing to grant the motion for involuntary dismissal on behalf of Supreme Chevrolet, Inc. at the close of plaintiff's case.
2. The trial court erred in granting a rescission of the August 10, 1988, sale based on the existence of an alleged defect which the seller declared to the purchaser prior to the time of the sale.

REDHIBITION
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. LSA-C.C. art. 2520.
A purchaser may seek to rescind the sale under the provisions of LSA-C.C. art. 2520 or may maintain an action for a reduction in price or quanti minoris under the provisions of LSA-C.C. art. 2541. By proving that, at the time of the sale, a defect existed in the thing sold, which diminished the value of the thing, the purchaser can obtain a reduction in the purchase price. Robert v. Bayou Bernard Marine, Inc., 514 So.2d 540, 545 (La.App. 3rd Cir.), writs denied, 515 So.2d 1107, 1108 (La.1987).
Generally, the seller warrants the thing sold against hidden or non-apparent defects. LSA-C.C. arts. 2475 and 2476; Landmark Land Company of Louisiana, Inc. v. Jemison, 558 So.2d 802, 805 (La. App. 5th Cir.1990); Barker v. Tangi Exterminating Co., 448 So.2d 690, 691 (La.App. 1st Cir.), writ denied, 452 So.2d 171 (La. 1984); Estopinal v. Bourshie, 420 So.2d 749, 751 (La.App. 4th Cir.1982). LSA-C.C. art. 2521 provides that apparent defects are those defects which the buyer might have discovered by simple inspection and that *1131 apparent defects are not among the number of redhibitory vices. Hidden or nonapparent defects are those which cannot be discovered by simple inspection.
Simple inspection involves more than mere casual observation; it requires the buyer who observes defects to conduct further investigation as would be conducted by a reasonably prudent buyer acting under similar circumstances. Estopinal v. Bourshie, 420 So.2d at 751. Simple inspection, however, does not require the buyer to examine the inner or hidden parts of the object of the sale for the purpose of finding latent defects. There is no obligation on the part of the buyer to inspect with expertise or to deface the thing purchased while inspecting it. Barker v. Tangi Exterminating Co., 448 So.2d at 692; Estopinal v. Bourshie, 420 So.2d at 751.
In order to determine whether a defect is apparent upon simple inspection, the courts have used a reasonableness standard, which is set forth in Fitzmorris v. Kelly, 244 La. 323, 152 So.2d 36, 41 (La.1963) as whether a reasonably prudent buyer acting under similar circumstances would have discovered the presence of the defect. See also Voorhies v. Livingston, 420 So.2d 1206, 1208 (La.App. 3rd Cir.1982); Prat v. Heymann, 410 So.2d 343, 346 (La.App. 4th Cir.1982).
Furthermore, a buyer is only under a duty to make an inspection which is reasonable in light of all the circumstances surrounding the sale. Whether an inspection is reasonable depends upon the facts of each case and includes such factors as the knowledge and expertise of the buyer, the opportunity for inspection, and the assurances made by the seller. Creger v. Robertson, 542 So.2d 1090, 1095 (La.App. 2nd Cir.1989).
A declaration that the thing sold has some quality which it is found not to have can also give rise to redhibition if this quality was the principal motive for making the purchase. LSA-C.C. art. 2529; Sonfield v. Burleson, 543 So.2d 488, 490 (La. App. 4th Cir.), writs denied, 546 So.2d 1220 (La.1989); Danilson v. Crown Buick, Inc., 480 So.2d 503, 505 (La.App. 5th Cir.1985); Couch v. Frichter's Sportsmen's Haven, Inc., 365 So.2d 901, 903 (La.App. 4th Cir.), writ denied, 367 So.2d 1185 (La.1979). In other words, a redhibitory action for rescission of the sale lies when the buyer proves the existence of a defect which renders the thing sold "either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." The action also lies if the thing sold is depicted as having some quality it does not possess. LSA-C.C. arts. 2520 and 2529. See Sonfield v. Burleson, 543 So.2d at 490.
The existence of a redhibitory defect is a question of fact which cannot be disturbed unless the record as a whole establishes that the finding is manifestly erroneous or clearly wrong. St. Claire v. Lewis, 550 So.2d 737, 739 (La.App. 2nd 1989). Similarly, the determination of whether a defect is apparent by reasonable inspection is a factual determination, which will not be disturbed by the appellate court unless manifestly erroneous. Voorhies v. Livingston, 420 So.2d at 1209.
The seller can limit the implied warranty against redhibitory defects by declaring to the buyer the defects at the time of the sale, or the seller can otherwise limit his obligations as seller, providing he does so clearly and unambiguously. LSA-C.C. arts. 2522 and 2474; Hob's Refrigeration and Air Conditioning Inc., 304 So.2d 326, 327 (La.1974); Rey v. Cuccia, 298 So.2d 840, 842 (La.1974). A buyer cannot institute a redhibitory action on account of latent defects which the seller has declared to the buyer before or at the time of the sale. Testimonial proof of this declaration may be received. LSA-C.C. art. 2522; Matt v. Laperouse, 386 So.2d 978, 980 (La. App. 3rd Cir.1980). Whether a buyer was adequately informed or had knowledge of a defect in the object of the sale is a factual question. See Ditcharo v. Stepanek, 538 So.2d 309, 312-13 (La.App. 5th Cir.), writ denied 541 So.2d 858 (La.1989).
In the instant case, the seller provided the buyer with conflicting information. *1132 Supreme gave the purchaser, Noel's, an invoice and a sworn odometer statement corresponding to the odometer reading of the car, all showing that the mileage was 37,519. Jimmy Courtney, former used car manager at Supreme, testified that he disclosed the discrepancy between the odometer reading and the actual mileage of the car to Bourque. Courtney said that he understood that Bourque was acting on behalf of Noel's in the purchase of the car. According to Courtney, Bourque and Supreme took into account the car's actual mileage in the negotiations concerning the price of the car. Courtney could not explain why an invoice showing the correct mileage of the car was voided by a Supreme employee and a replacement invoice, showing the incorrect mileage, was sent to Noel's.
The trial court, considering the testimonial and documentary evidence presented, found the disclosure to Bourque was inadequate in light of the contrary manifestations made by Supreme to Noel's in connection with the sale. We agree. We cannot find manifest error in the trial judge's factual finding that Supreme failed to clearly and unambiguously disclose the true mileage of the vehicle and that, as a result, Noel's was entitled to have the sale rescinded.

DAMAGES TO WHICH PURCHASER IS ENTITLED
Generally, the amount of damages a plaintiff can recover depends upon the type of seller involved. Under LSA-C.C. art. 2531, a good faith seller, namely, one who knew not of the vices in the thing he sold, is required to repair, remedy, or correct the vices or defects in the property which he sold. If he is unable to do so, he must restore the purchase price and reimburse the reasonable expenses occasioned by the sale and those expenses incurred for the preservation of the property. LSA-C.C. art. 2531; Burch v. Durham Pontiac Cadillac, Inc., 564 So.2d 380, 383-84 (La. App. 1st Cir.), writ denied, 569 So.2d 968 (La.1990); Sonfield v. Burleson, 543 So.2d at 493.
LSA-C.C. art. 2545 provides that the seller who knows the vice of the thing which he sells and omits to declare it is answerable to the buyer in damages. Besides restitution of the price and repayment of expenses, including reasonable attorney's fees, the bad faith seller is also answerable for other damages. LSA-C.C. art. 2545. Under the proper circumstances, those damages can include nonpecuniary damages for mental anguish, aggravation, and inconvenience. St. Claire v. Lewis, 550 So.2d at 739; Ditcharo v. Stepanek, 538 So.2d at 314; Leflore v. Anderson, 537 So.2d 215, 218-19 (La.App. 4th Cir.1988).
Regardless of whether the seller is in good or bad faith, a plaintiff in a redhibitory action is required to prove by a preponderance of the evidence the amount which he is entitled to recover. Creger v. Robertson, 542 So.2d at 1097.
In the instant case, in addition to the return of the purchase price of $2,600, the trial court awarded Noel's $485.00 for various in-house repairs made on the vehicle before Noel's attempted to resell it. Francis N. Landaiche, the owner of Noel's, testified that Noel's repaired broken glass on the car and installed a new alternator, battery, seals, turbo chargers, antifreeze, rotary, distributor cap, and plugs. No receipts for costs of the repairs were presented. After reviewing the entire record, we find that the record supports the trial court's conclusion that, in addition to recovery of the purchase price, Noel's was entitled to recover $485.00.

INVOLUNTARY DISMISSAL
Because of our determination that the trial court correctly determined that Noel's was entitled to have the sale rescinded, we find it unnecessary to address the trial court's denial of Supreme's motion for involuntary dismissal.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Supreme is cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] Noel's also received a document evincing Ty M. Dempster's title to the automobile issued March 16, 1988, reflecting that the mileage on the car was then 28,500.