873 So.2d 804 (2004)
Leah F. VERDIN, Individually and on Behalf of Her deceased husband, Randall Verdin, and Jeff Verdin
v.
Slade A. ROGERS and Louisiana Farm Bureau Mutual Insurance Company, Gertrude Gardner, Incorporated, ABC Inspection Co., and the ABC Insurance Co.
No. 03-CA-1457.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 2004.
*806 Vincent J. Glorioso, III, Maria B. Glorioso, The Glorioso Law Firm, New Orleans, LA, for Plaintiffs/Appellants.
Scott G. Jones, Hulse & Wanek, New Orleans, LA, for Defendant/Appellee (GBS Properties, LLC d/b/a Prudential Gardner Realtors).
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
Plaintiffs, Leah F. Verdin, individually and on behalf of her deceased husband, Randall S. Verdin, and Jeff Verdin, appeal from a judgment in favor of defendant, GBS Properties, LLC d/b/a Prudential Gardner Realtors, granting its exceptions of prescription and no right of action.
On June 21, 2002, Randall Verdin sustained a fatal electrical shock while servicing an air-conditioning unit at the home of Slade A. Rogers. It is alleged that the accident occurred as a result of defective wiring. Mr. Rogers had purchased the house almost two years prior to the accident.
On February 6, 2003, decedent's wife and major son instituted this suit for damages. Named as defendants were Slade Rogers, the home owner, and his insurer, Louisiana Farm Bureau Mutual Insurance Company, and GBS Properties, LLC d/b/a Prudential Gardner Realtors (hereinafter "GBS"), realtor in the sale transaction in which Rogers acquired the house. By amending petition, plaintiffs named the sellers of the house and Mitch Kapoulas, who performed the house inspections at the time of the sale.
GBS filed an exception of prescription, alleging that the sale of the house to Mr. Rogers took place on June 27, 2000, almost two years before the decedent's death. Plaintiff responded that the damage occurred at the time of death, and this suit, filed on February 6, 2003, was well within one year of the date the damage or injury was sustained.
GBS also filed an Exception of No Right of Action, in which it argued that plaintiff failed to state a cause of action against it. GBS argued that plaintiffs have no cause of action against GBS because at no time did the plaintiffs have any agency/client or any other relationship with any representative of the defendant, and thus no duty was owed by GBS to the defendant. GBS argues that at the time of the decedent's death, it did not own the property or have care, custody or control over the electrical wiring that caused the accident, nor was there any representative present or anywhere near the decedent at the time of his death. GBS further states that plaintiffs' claim, arising out of the alleged failure of the real estate agents to disclose, inspect, or reveal that there were defects in the property, is either in redhibition or negligent misrepresentation which would have occurred at the time of the sale of the property. Plaintiffs responded that their cause of action arises under La. C.C. art. 2315, 2316, 2315.1 and 2315.2, general tort law and that no privity is required as defendant's duty extends to the public at large. Plaintiffs further allege that an exception is not an appropriate vehicle for making a duty-risk analysis.
The trial court granted both exceptions filed on behalf of GBS, dismissing plaintiffs' claims against it with prejudice. This appeal followed.
The Exception of No Cause of Action is separate and distinct from the Exception of No Right of Action, and each serves a particular purpose with different procedural rules. Pitre v. Dufrene, 98-570 (La. App. 5 Cir. 12/29/98), 726 So.2d 81; Ferguson *807 v. Dirks, 95-560 (La.App. 5 Cir. 11/28/95), 665 So.2d 585. We will review the defendant's exception as both an exception of no cause of action and as no right of action.
The Exception of No Cause of Action asks "whether the law extends a remedy to anyone under the factual allegations of the petition." The Exception of No Right of Action questions "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Pitre, supra; Treasure Chest Casino, LLC v. Parish of Jefferson, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, writ den., 97-1066 (La.6/13/97), 695 So.2d 982.
In this case, plaintiff's petition alleges that the real estate agent was negligent in its inspection of the property. A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. Lazard v. Foti, 2002-2888 (La.10/21/03), 859 So.2d 656. The inquiry is whether the plaintiff has any law, statutory, jurisprudential, or arising from general principles of fault, to support his claim. Lazard, supra; Clayton v. Illinois Central R. Co., 03-972 (La.App. 5 Cir. 1/27/04), 865 So.2d 896.
A purchaser's remedy against a real estate broker is limited to fraud and/or negligent misrepresentation. Smith v. Remodeling Service, Inc., 94-589 (La.App. 5 Cir. 12/14/94), 648 So.2d 995. A real estate broker or salesman (agent) is not considered to be an agent of the seller. Smith v. Remodeling Service, Inc, supra. We do not know of any jurisprudence that extends the duties owed by a real estate agent to a purchaser to a third party. Accordingly, we find that plaintiff has no right of action against the defendant real estate company in this case.
Plaintiff argues a breach of the general duty not to cause harm, citing the case of Ditcharo v. Stepanek, 538 So.2d 309 (La.App. 5 Cir.1989). That case did not involve a third party plaintiff, but instead was a redhibition/rescission action by the purchaser of a home against the seller, real estate agent and termite inspector. We do not find the Ditcharo case applicable to this matter. The petition in this case fails to allege acts which, if proven, would show that defendant caused the harm. We find that plaintiff has failed to state a cause of action against this defendant.
C.C.P. art. 934 generally requires that the plaintiff be allowed to amend his petition after a peremptory exception has been granted, if the general ground for the exception may be cured by the amendment. However, the article does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. Broussard v. F.A. Richard & Associates, Inc., 740 So.2d 156, 99-10 (La.App. 3 Cir. 5/5/99). We do not believe that an amendment would allow plaintiff to cure the defects in her petition in this matter.
Because we find that there was no cause/right of action stated in plaintiff's petition, we do not discuss the issue of prescription.
For the above discussed reasons, the ruling of the trial court which granted the exception of no right of action is affirmed. All costs are assessed against appellant.
AFFIRMED.