NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1037


THERON A. STARNES

VERSUS

SPECIALTY HITCHES AND RV CENTER, LLC, ET AL.


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,258
HONORABLE HARRY RANDOW, DISTRICT JUDGE


**********


OSWALD A. DECUIR
JUDGE


**********


Court composed of Oswald A. Decuir, Michael G. Sullivan, and James T. Genovese, Judges.


AFFIRMED.

C.R. Whitehead, Jr.
Whitehead Law Offices
P. O. Box 697
Natchitoches, LA 71458-0697
(318) 352-6481
Counsel for Plaintiff/Appellant:
    Theron A. Starnes

Mark F. Vilar
Aaron L. Green
Faircloth, Vilar & Elliott, LLC
P. O. Box 12730
Alexandria, LA 71315-2730
(318) 442-9533
Counsel for Defendants/Appellees:
    Specialty Hitches and RV Center, LLC
    Clayton Bullard

**DECUIR, Judge.**

In this redhibition case, Theron A. Starnes (Starnes) appeals a judgment of the trial court dismissing his claims against Specialty Hitches and RV Center (Specialty) with prejudice.

**FACTS**

On April 21, 2005, Theron Starnes purchased a two-year-old Sierra Travel Trailer from Specialty Hitches and RV Center for $19,100.00. Starnes also paid $654.00 to purchase and have a fifth wheel hitch installed on his truck. Starnes testified that he and his wife only spent about thirty minutes going over the trailer prior to purchasing it, despite waiting for several hours while the hitch was installed. The second time Starnes took the trailer out, some six to eight weeks after the purchase, he encountered problems with the refrigerator, air conditioner, shower, hot water heater, table mount, cable connection, and spare tire jack. In addition, Starnes discovered holes in the side of the slide-out and what he believed was evidence that the trailer had been involved in an accident. It is disputed whether Starnes notified Specialty of the problems, but Starnes never brought the trailer in for Specialty to make repairs.

After two more trips, Starnes parked the trailer and filed this suit in redhibition. At the bench trial, Starnes testified that the refrigerator was working at the time of purchase, and his wife testified that the air conditioner was operating as well. In fact, Starnes testified that none of the issues involved appeared until some six to eight weeks after the purchase when he was on his second outing with the trailer. Edwin Dye, Specialty's owner, testified that he had inspected the trailer prior to sale and found none of the alleged defects. He also testified that Starnes did not notify him of any defects prior to filing suit. In addition, Clayton Bullard, the original owner of

the trailer, testified that none of the defects described existed at the time he sold the vehicle and that it had never been involved in an accident.

Based on the evidence presented, the trial court found that Starnes had not conducted a reasonable inspection or given Specialty an opportunity to repair the trailer. Accordingly, the trial court found that Starnes' action in redhibition could not be maintained. Starnes lodged this appeal.

## DISCUSSION

Starnes alleges on appeal that the trial court erred as a matter of law in determining that he had not conducted a reasonable inspection and that he had ample opportunity to conduct such an inspection. We disagree.

In *Landaiche v. Supreme Chevrolet, Inc.*, 602 So.2d 1127, 1131 (La.App. 1 Cir. 1992) (citations omitted), the court said:

> The existence of a redhibitory defect is a question of fact which cannot be disturbed unless the record as a whole establishes that the finding is manifestly erroneous or clearly wrong. Similarly, the determination of whether a defect is apparent by reasonable inspection is a factual determination, which will not be disturbed by the appellate court unless manifestly erroneous.

After reviewing the evidence in the present case, it is apparent that the trial court concluded that at least some of the defects alleged by Starnes were apparent and would have been discovered had a reasonable inspection been conducted. The holes in the slide-out and damaged spare tire jack, as well as the evidence of an accident, seem to fall in this category. It is also apparent that the trial court concluded that even if some of the remaining defects were in fact latent, Starnes did not give Specialty an opportunity to make repairs to the trailer. The record before us supports these conclusions. Accordingly, we find no manifest error on the part of the trial court.

2

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Theron A. Starnes.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.