CARTER, Judge:
This is an appeal from a judgment on a third party demand in a redhibition suit.
On June 12, 1980, plaintiffs purchased a house from Darouse House Moving Company, Inc. The house had previously been owned by Vincent Silessi, who sold the house to Darouse House Moving immediately before Darouse resold the house to the Stewarts.
The Stewarts had engaged a realtor to assist them in finding a home. The realtor had contacted Silessi and obtained a single listing agreement with him. Silessi’s asking price was $8,000.00, and the realtor’s commission was $3,000.00, bringing the total sale price of the house to $11,000.00. The Stewarts were interested in the house for $8,000.00, but indicated that $11,000.00 was more than they were willing to pay.
Silessi then advised the Stewarts that although he could not sell the house directly to them for that price because of the listing agreement, he could sell the house to Darouse House Moving. Darouse House Moving could then, in turn, resell the house to them. Therefore, a deal was concocted wherein Silessi sold the house to Darouse for $8,000.00, the realtor’s commission was avoided, and Darouse then resold the house to the Stewarts for $8,000.00. The entire transaction was accomplished when the check made out by the Stewarts to Darouse was endorsed over to Silessi. For an additional $5,000.00, Da-rouse agreed to move the house from Siles-si’s property to plaintiffs’ lot within 45 days. Of this amount, $2,500.00 was paid to Darouse on June 13, 1980, and the remainder was to be paid after the house had been moved to the Stewarts’ property. Apparently Darouse was merely acting as a “middle man” in the transaction between Silessi and the Stewarts, and his only interest in the transaction was the contract to move the house.
Prior to the passage of the acts of sale, Richard Sanders, an employee of Darouse House Moving, inspected the house to ascertain whether the foundation of the house was structurally sound. Sanders crawled beneath the house and examined the sills and joists. From this examination, he concluded that the foundation was in good condition and that the house could be moved. He apparently advised Darouse of these conclusions.
More than a month after the sale, Da-rouse began operations to move the house. After removing the front and back porches and cutting off two rooms and a bath, Darouse discovered extensive termite damage to the residence. Darouse subsequently notified the Stewarts that it was virtually impossible to move the house unless a substantial amount of repair work was performed.
Because of the many problems experienced by the Stewarts, they filed this suit in redhibition on October 15, 1980, seeking a rescission of the sale of the house, return of the purchase price, damages and attorney’s fees against Richard Darouse[1] and Darouse House Moving.
The remaining defendant, Darouse House Moving Co., Inc. (Darouse) filed an *695 answer and third party demand making Vincent Silessi a third party defendant. In this pleading, Darouse contended that it was an “innocent third party” between the Stewarts and Silessi and that its only interest in the matter was the “moving of the house once it was sold from Mr. Silessi to Mr. Stewart.” Darouse further alleged that the house was severely infested with termites, that Silessi knew of this infestation at the time of the sale, and that Silessi was using Darouse to attempt to insulate himself from liability. In addition to the usual prayers of a third party demand, Darouse asked for judgment against Silessi in the amount of $20,000.00 for damages allegedly sustained by Darouse.
Silessi answered the third party petition denying Darouse’s allegations. Silessi then filed suit against Darouse in the City of Hammond, Seventh Ward Court seeking damages for breach of contract in the amount of $2,500.00, alleging the failure of Darouse to move the house off of his property. This suit was ultimately transferred to the Twenty-first Judicial District Court and consolidated with the instant suit.
On April 8, 1981, the consolidated suits were tried and taken under advisement. On June 18, 1981, the trial court filed written reasons for judgment favorable to the Stewarts on the main demand and favorable to Darouse on the third party demand against Silessi.[2]
On July 1, 1981, before the formal judgment was signed, Silessi filed a pleading styled “Motion to Reopen Trial and Allow Third Party Defendant Vincent Silessi to Amend his Pleading”. On a rule to show cause, memorandums were submitted, but an exhaustive search of the record does not reveal a ruling on the motion. Moreover, however, was apparently successful as he later filed an amendment in response to an order of the court.[3] .
Silessi then filed a “Motion for New Trial,” in which he successfully obtained a partial new trial. The motion was granted for the limited purpose of allowing proof of removal of property, located in the house but not included in the sale, and the value thereof.
After the partial rehearing of April 16, 1982, the trial judge stated that there was *696 no proof of loss shown by Silessi that could be attributable to either the Stewarts or Darouse. Therefore, judgment was rendered on January 17, 1983 in substantially the same form as the previous judgment rendered herein in favor of the Stewarts and against Darouse House Moving Company, Inc. in the amount of $14,231.81 and in favor of Darouse’s third party demand against Silessi in the same amount and ordering a rescission of the sale.[4]
Darouse has not appealed the judgment against him and in favor of the Stewarts on the main demand. Therefore, the judgment is final and not before us on appeal.
Silessi, however, appeals from the adverse judgment on the third party demand. He contends that the trial court erred in granting the third party demand against him because the defects complained of were discoverable by Darouse by mere inspection. Silessi also contends that it was error for the trial court not to set-off the damages he sustained against the judgment awarded Darouse House Moving.
VICE OR DEFECT
In Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133, 137 (La.App. 3rd Cir. 1979), the court held that:
“A redhibitory defect sufficient to entitle a buyer to annul a sale is a defect in the item sold which renders it absolutely useless, or makes the use of the item so inconvenient or imperfect that it must be supposed that had the buyer known of the vice he would not have purchased the item. La.C.C. art. 2520. Additionally, it must be established that the defects existed at the time of purchase, but were neither known nor apparent to the purchaser, and that the seller could not, or would not, correct the defects when given the opportunity to do so. La.C.C. arts. 2530, 2531. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La. App. 1st Cir.1976).”
Darouse is an experienced house mover and has been engaged in the house moving business for thirty-five years. It is uncontradicted that he did purport to inspect the house in the case sub judice and that no termite damage was apparent. It was only after he began dismantling the house that he discovered extensive termite damage. Darouse testified as follows:
“Q. Then what happened after this transfer of money and the sale from Silessi to you to the Stewarts?
A. The house had two rooms and a bath added on to it and we went out and we cut the two rooms and bath off. And then we started to see the damage that was to the house.
Q. Where was the damage, Mr. Da-rouse?
A. It was just eat up, the floor joists and where the house sits on the foundation.
Q. The sills?
A. Yes. Now whenever we broke the brick first we went and worked for two days taking the porch, well, first Mr. Stewart went and took the garage down, carried it home then we went out we took the dozers and took all the front porch off and the back porch with the concrete. And then we went to seeing the damage then when we broke the jack the brick well it just termites went every where.
Q. And termites were all in the sills and the floor joists?
A. That is right.
Q. Throughout the entire premises?
A. That is right. I mean we didn’t take all of the sides off of the house I mean we didn’t go all around and break up the house when we seen the house was in that condition we stopped.”
An examination of the entire record makes it abundantly clear that the termite *697 damage was such that it was not discoverable by an inspection of the premises, and the trial judge was correct in so holding. Since Darouse was not aware of the termite infestation and damage at the time that he performed the favor (i.e. purchase the house for resale to the Stewarts), the defect in the house at the time of its purchase was a redhibitory defect. Therefore, Darouse is entitled to annul the sale from Silessi to himself.[5]
Having determined that the termite infestation was a redhibitory vice, we must examine whether Silessi is a good or bad faith seller to determine the extent of his liability to Darouse.
From the record it is clear that Silessi had on prior occasions attempted to sell the house. He had been unsuccessful in disposing of the house because of the termite infestation, dry rot, or a combination of the two.
We find that Silessi knew of the defect in his house and failed to declare it. Under LSA-C.C. art. 2545, he is answerable to the buyer for damages, including reasonable attorneys’ fees.[6] Therefore, Darouse is entitled to recover from Silessi, a bad faith seller, restitution of price and repayment of all expenses, including reasonable attorney’s fees. However, nonpecuniary damages for mental anguish, which were awarded by the trial court, are not available in a redhibitory suit, and the trial judge erred in this regard. Paul v. Ford Motor Co., 392 So.2d 704 (La.App. 3rd Cir.1980); Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La.App. 3rd Cir.1979). In addition to the above, we find two other errors in the judgment of the trial court which affect appellant Silessi. The sum of two hundred and fifty dollars ($250.00) was awarded for “moving trailer and utility pole”; however, we only find as a proven item of damage the sum of $50.00. Further, the sum of $2500.00 paid by the Stew-arts to Darouse was a deposit and partial payment for moving the house. Since the house was not moved, Darouse alone is responsible to the Stewarts for a return of their $2500.00. It was error for the trial court to include this item as an element of damages in the judgment in favor of Da-rouse on the third party demand against Silessi.
SET-OFF
Silessi contends that the trial court erred in not finding that Silessi suffered damages in an amount exceeding the value of the judgment rendered against him by the “acts of negligence committed by Darouse House Moving Company, Inc.” Silessi contends that certain items of furniture or other items in the house were taken or destroyed, and further that the trial court should have allowed the testimony on the rehearing as to the damage to the house itself as the result of leaving it severed and unattended on the property.
The trial court ruled that the case was reopened for the limited purpose of showing loss of the items not actually sold with the house, “like washing machine, furniture, etc.”, and the rehearing was not granted for the purpose of showing damaged conditions of the house as a result of actions of Darouse. Testimony was then proffered as to the actual damage to the house. Both from the proffered testimony and the testimony as concerns the appliances, it is clear that Silessi told the Stew-arts that whoever bought the house got these items. The Stewarts, before learning of the severe termite damage, had removed the items and have since tendered their return. Regardless of this, the trial judge *698 found, and we agree, that these items “had no real value.”
As to Silessi’s purported proffer of testimony as concerns damages to the structure remaining on Silessi’s property, the trial judge properly excluded this testimony. The previous judgment had resolved this matter and this partial rehearing and/or new trial was limited to grounds of the value of property Mr. Silessi removed from the premises. In addition, there is simply no valid evidence in the record to support appellant’s contentions, and the record clearly supports the trial court’s finding that “the house in question was almost totally destroyed by termites prior to the sale” and damages in set-off were not proven.
CONCLUSION
Therefore for the above and foregoing reasons, we herein amend the judgment of the trial court and deny that portion of Darouse’s third party demand for mental anguish and deny the $2500.00 deposit designated as “payment on moving”, and reduce the award of $250.00 to $50.00 for moving the utility pole. Therefore, we reduce the total principal amount of the judgment in favor of Darouse against Silessi from $14,231.81 to $10,531.81, and, as amended, the judgment is affirmed in all other respects.[7] All costs to be paid by third party defendant, Vincent Silessi.
AMENDED AND AFFIRMED.
APPENDIX A
JUDGMENT
This cause came on for trial on the 18th day of April, 1981. Present were A. Wayne Stewart, attorney for Gerald R. Stewart and Patricia J. Stewart; Charles G. Walker, attorney for Richard Darouse and Darouse House Moving Company, Inc.; and Ron Macaluso, attorney for Vincent Silessi.
After hearing the evidence and reviewing the pleadings, the Court considering the law and evidence to be in favor of plaintiffs, Gerald R. Stewart and Patricia J. Stewart, and against the defendant, Da-rouse House Moving Company, Inc. and Vincent Silessi for written reasons filed June 18, 1981.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Gerald R. Stewart and Patricia J. Stewart and against Darouse House Moving Company, Inc. in the amount of FOURTEEN THOUSAND TWO HUNDRED AND THIRTY-ONE AND 81/100 ($14,231.81) DOLLARS, together with legal interest thereon from October 14, 1980 until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Darouse House Moving Company, Inc. and against Vincent Silessi in the amount of FOURTEEN THOUSAND TWO HUNDRED AND THIRTY-ONE AND 81/100 ($14,231.81) DOLLARS together with legal interest thereon from October 14, 1980 until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Vincent Silessi be and is hereby condemned to pay the full cost of this proceeding.
Judgment read, rendered and signed, in open court in Amite, Louisiana, on the 4th day of August, 1981.
(s)Edward B. Dufreche
JUDGE,
21st Judicial District Court
Respectfully submitted:
/s/A. Wayne Stewart
A. WAYNE STEWART
Attorney at Law
P.O. Drawer 546
Denham Springs, Louisiana 70726
(504) 664-3785
APPENDIX B
JUDGMENT
This matter came on for partial rehearing on April 16, 1982. Present was A. *699 Wayne Stewart, Attorney for Gerald A. Stewart and Patricia J. Stewart; Charles G. Walker, Attorney for Richard Darouse and Darouse House Moving Company, Inc.; and Ron Macaluso, Attorney for Vincent Silessi.
After hearing the evidence and reviewing the pleadings, the Court considering the law and evidence to be in favor of plaintiffs, Gerald R. Stewart and Patricia J. Stewart, and against the defendant, Da-rouse House Moving Company, Inc., and in favor of third party plaintiff, Darouse House Moving Company, Inc. and against third party defendant, Vincent Silessi for written reasons assigned herein;
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Gerald R. Stewart and Patricia J. Stewart, against Darouse House Moving Company, Inc. in the amount of FOURTEEN THOUSAND TWO HUNDRED AND THIRTY-ONE AND 81/100 ($14,-231.81) DOLLARS, plus legal interest thereon from October 14, 1981 until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Darouse House Moving Company, Inc. and against Vincent Silessi in the amount of FOURTEEN THOUSAND TWO HUNDRED THIRTY-ONE AND 81/100 ($14,231.81) DOLLARS plus legal interest thereon from October 14, 1981 until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Act of Sale on the premises which is the subject matter of this suit be and is hereby rescinded and set aside;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Vincent Silessi be and is hereby condemned to pay the full costs of this proceeding.
Judgment read, rendered and signed in Amite, Louisiana in Open Court on the 17th day of January, 1983.
(s) Edward B. Dufreche
Judge,
21st Judicial District Court
Respectfully submitted:
/s/A. Wayne Stewart
A. WAYNE STEWART
Attorney at Law
Post Office Box 686
Denham Springs, Louisiana 70726-0686
(504) 664-4657

. Richard Darouse filed an "Exception of No Cause and No Right of Action" contending that he was acting solely in his capacity as President of Darouse House Moving Co., Inc. Judgment was subsequently rendered sustaining this exception; no appeal was taken, and this portion of the proceeding is now final and not before us on appeal.

. In his written reasons for judgment, the trial court stated:
"The facts indicate clearly that the house in question was almost totally destroyed by termites prior to its sale. The damage was such that it could not be discovered by an inspection of the premises.
Plaintiffs sustained damages as follows, to-wit:
Cost of house_$ 8,000.00
Payment on moving_ 2,500.00
Insurance policy_ 256.00
Moving trailer and utility pole_ 250.00
Attorney’s fees for mortgage_ 230.00
Interest paid on loan --- 495.81
Attorney’s fees for this suit _ 1,500.00
Mental anguish of both parties - 1,000.00
TOTAL __ $14,231.81
The court will grant judgment in the total amount shown in favor of plaintiffs and against defendant, Darouse House Moving Company, Inc., together with legal interest from the date of demand and for all costs.
The court is further convinced that in this case Darouse was acting in the capacity of a middle man or agent for third party Vincent Silessi, and that there should be judgment on the third party demand in favor of third party plaintiff, Darouse House Moving Company, Inc. and against third party defendant, Vincent Silessi, in the same amount for which it was case in the main demand.
Any other claims of third party plaintiff are dismissed.”
The formal judgment, attached as Appendix A, made no mention of the unresolved third party claims. Additionally, there is no judgment in the consolidated suit of Vincent Silessi v. Da-rouse House Moving, Inc., #8247, Hammond City Court, City of Hammond, Seventh Ward Court. Nor do we find any formal disposition of the $20,000.00 claim for damages in the third party demand of Darouse against third party defendant Silessi.

. The amendment filed provided as follows:
“Now into Court through undersigned counsel comes, Vincent Silessi, third-party defendant, who in response to the order of this Court in re-opening the case amends the third-party demand answer by alleging the following:
VI.
As a result of the actions and negligence of plaintiff, Gerald R. Stewart and Richard Da-rouse and Darouse House Moving, Inc., ap-pearer has been damaged in an amount exceeding the amount of the judgment rendered in this matter previously." (emphasis added)

. A copy of this judgment is attached as Appendix B. This judgment is silent as to the unresolved claims mentioned in footnote 2. Additionally, this judgment does not address Silessi's amendment to his demand for set-off or the ruling of the trial court on the partial new trial.

. The trial court judgment clearly indicates that the termite damage was not discoverable by mere inspection. In the main demand, however, he erroneously awarded attorneys’ fees and damages for mental anguish to the purchasers. Good faith sellers are only responsible for those damages provided in LSA-C.C. art. 2531. Darouse, however, did not appeal this error, and that portion of the judgment is now final.

. LSA-C.C. art. 2545 provides as follows:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages."

. We have noted the numerous procedural irregularities throughout the trial of this matter. However, neither appellant nor appellee have set forth any concern over the procedural irregularities noted by this court.