564 So.2d 380 (1990)
Dwayne L. BURCH
v.
DURHAM PONTIAC CADILLAC, INC.
No. 89 CA 1016.
Court of Appeal of Louisiana, First Circuit.
June 26, 1990.
Rehearing Denied August 9, 1990.
*381 Byard Edwards, Jr., Ponchatoula, for plaintiff-appellee.
Rodney C. Cashe, Hammond, for defendant-appellant Durham Pontiac Cadillac, Inc.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is a suit in redhibition and for damages.

FACTS
On June 25, 1987, plaintiff, Dwayne L. Burch, purchased a 1983 Cadillac El Dorado from defendant, Durham Pontiac Cadillac, Inc. (Durham) for $11,607.00. Prior to the purchase, Burch was advised by Durham that the mirror on the driver's side and the air conditioning module were not working, but that Durham would replace the air conditioning module.
Shortly thereafter, numerous problems developed, which Burch itemized in his petition as follows:
a. June 25, 1987 the lights and horn didn't work; there was not a current inspection sticker on the vehicle; the air conditioner module was faulty vehicle purchased with understanding these were to be repaired.
b. July 24, 1987a transmission leak was discovered and reported to seller.
c. August 2, 1987air conditioner compressor malfunctioned and was repaired *382 at a cost of $401.00 to purchaser.
d. August 10, 1987problem with lights, door lock and air conditioner switch in that one or two but never all three would work simultaneously; loud noise in radio which developed after unsuccessful attempt by seller to repair air conditioner module.
e. August 14, 1987air conditioner repaired but lights still malfunctioning.
f. October 3, 1987car inspected for problems at a cost to purchaser of $112.00.
g. October 6, 1987discovered for first time that vehicle had been involved in a collision which caused considerable damage, which was not properly repaired and painted which caused extensive corrosion damage and misalignment of door.
h. October 14, 1987Interior lights refused to turn off.
i. Engine quits and electric power goes off frequently and at unpredictable times causing the vehicle to be unsafe to operate and it is no longer being driven.
j. The passenger door lock malfunctions.
k. Transmission leaks (two) causes shifting problems.
l. The front shocks are defective.
m. The brakes, squeak, squeal and groan.
n. The power steering pump leaks fluid.
o. Automatic choke and/or throttle stuck in operation.
Based thereon, Burch filed an action in redhibition against Durham, seeking return of the purchase price, additional costs of the sale, costs for repairs and purchases to maintain vehicle, and attorney's fees.
The trial court, after considering the difficulties encountered by Burch, determined that Durham sold Burch "a `Lemon'a `Monday Car'." The trial court found that the vehicle contained redhibitory defects such that Burch would not have purchased the vehicle had he known of its defects. Accordingly, the trial court rescinded the sale and awarded Burch damages as follows:

Paid at Sale 11,667.00
Repairs 401.71
Mental Anguish 5,000.00
Interest 1,487.60
Battery and Tires 140.92
Attorney's Fees 4,500.00
 __________
 Total $23,197.23

The trial court also assessed expert witness fees against Durham and cast it for all costs.
From this adverse judgment, Durham appeals, assigning the following errors:
1. The trial court erred in ordering rescission of the sale.
2. The trial court erred in awarding $5,000.00 for mental anguish.
3. The trial court erred in awarding attorney's fees of $4,500.00.
4. The trial court erred in awarding $401.71 for repairs and $140.92 for a battery and tires.

RESCISSION OF SALE
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders the thing either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. LSA-C.C. art. 2520; Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir. 1982). To sustain a suit in redhibition, a purchaser must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use so inconvenient that had he known of the defect, he would never have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3) the seller was given an opportunity to repair the defect. Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc., 484 So.2d 798 (La.App. 1st Cir.1986); Gisclair v. Cajun Trucking, Inc., supra; Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976).
The warranty created against redhibitory defects applies to the sale of used equipment, but it is not as extensive as in *383 the sale of new equipment. However, what is required is that the equipment must operate reasonably well for a reasonable period of time. Wagnon v. Hebert, 520 So.2d 1136 (La.App. 3rd Cir.1987); Gisclair v. Cajun Trucking, Inc., supra; Dunn v. Pauratore, 387 So.2d 1227 (La. App. 1st Cir.1980). Therefore, obviously the sale of an older car does not carry the same warranty as does the sale of a new one. Inherent in the sale of an older car is the knowledge that the machinery and parts are worn and subject to breakdown and that the vehicle will require mechanical work from time to time to keep it in good running condition.
While a plaintiff need not prove the underlying cause of a defect, it is incumbent that a plaintiff prove the existence of a defect at the time of the sale. Robert v. Bayou Bernard Marine, Inc., 514 So.2d 540 (La.App. 3rd Cir.1987), writs denied, 515 So.2d 1107, 1108 (La.1987); Commercial Union Insurance Company v. Ryland Dodge & Chrysler, Inc., 457 So.2d 255 (La.App. 3rd Cir.1984). LSA-C.C. art. 2530 provides that "if the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale." Multiple defects can collectively form the basis of a redhibitory action even though many of the defects are minor or have been repaired. Bourne v. Rein Chrysler-Plymouth, Inc., 463 So.2d 1356 (La.App. 1st Cir.1984), writ denied, 468 So.2d 570 (La.1985); Davidson v. New Roads Motor Company, Inc., 385 So.2d 319 (La.App. 1st Cir.1980), writ denied, 391 So.2d 454 (La.1980).
In the instant case, Burch proved a pattern of defects in the automobile which rendered its use inconvenient and imperfect. The accumulation of all of the vices, established by a preponderance of the evidence, convinces us that the trial court correctly determined that Burch was entitled to a total rescission of the sale. As the trial judge pointed out, Burch's testimony concerning the problems with the automobile were largely uncontradicted. Additionally, the trial judge noted that Burch's testimony regarding the defects in the vehicle was corroborated by Joe Perise, Burch's expert witness. Further, the trial judge did not find the testimony of Durham's expert Bill McNutt to be credible. Clearly, the trial judge's determination that the vehicle had numerous defects, which warranted rescission, is not manifestly erroneous.

ATTORNEY'S FEES AND DAMAGES FOR MENTAL ANGUISH
LSA-C.C. art. 2531 provides, in pertinent part, as follows:
The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
LSA-C.C. art. 2545 provides as follows:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.
Under the applicable jurisprudence, a purchaser who sustains damages because he purchased a redhibitorily defective item is entitled to be compensated for all provable damages, including mental anguish, if the causation link is established. Philippe v. Browning Arms Company, 395 So.2d 310 (La.1981), mandates judicial repudiation of the blanket exclusion of damages for inconvenience and mental anguish in redhibitory actions. To knowingly sell a redhibitorily defective product, which knowledge is imputed to a manufacturer and must be proven as to a seller, is to do a tortious act. It is well settled that a tortfeasor's victim who sustains damages for mental anguish as a result of the action or inaction of the tortfeasor is entitled to be compensated for it. Bourne v. Rein Chrysler-Plymouth, Inc., supra. See also *384 Besse v. Blossman, 521 So.2d 570 (La.App. 1st Cir.1988); Rasmussen v. Cashio Concrete Corp., 484 So.2d 777 (La.App. 1st Cir.1986). But see Stewart v. Darouse, 448 So.2d 693 (La.App. 1st Cir.1984).
In the instant case, although the trial judge did not expressly find that Durham was a bad faith seller pursuant to LSA-C.C. art. 2545, the trial judge awarded Burch damages for mental anguish and attorney's fees, both of which are recoverable only from a bad faith seller. This was error. The record is devoid of any evidence showing that Durham knew or should have known of the defects in the automobile. Durham disclosed the two defects of which it was aware prior to the sale, but Burch failed to establish Durham's knowledge of any other defect. As such, Durham is a good faith seller, who is liable only for the return of the purchase price, reimbursement of the reasonable expenses occasioned by the sale, and for expenses incurred for the preservation of the automobile.
Accordingly, we find that the trial court erred in awarding $5,000.00 damages for mental anguish and $4,500.00 in attorney's fees, absent proof that Durham, the seller, knew or should have known of the defects in the automobile.

REPAIRS, BATTERY AND TIRES
Having determined that Durham was a good faith seller, LSA-C.C. art. 2531 clearly requires that Durham reimburse Burch for expenses incurred for the preservation of the automobile. The repairs, new battery, and tires are clearly such items for which reimbursement is required. The trial court did not err in awarding Burch reimbursement for these items.

CONCLUSION
For the above reasons, the judgment of the trial court ordering rescission of the sale is affirmed. The judgment is amended to reduce the total damage award to $13,697.23 ($23,197.23 less the $5,000.00 award for mental anguish and the $4,500.00 for attorney's fees), plus expert witness fees and costs. In all other respects, the judgment of the trial court is affirmed. Costs on appeal are assessed against Durham and Burch equally.
AMENDED AND AFFIRMED AS AMENDED.
SAVOIE, J., agrees with the result.