HIGGINBOTHAM, J.
lain this redhibitory action, the defendant, B & G, Inc. d/b/a Splash Pools & Spa (“Splash Pools”), appeals from the trial court’s judgment in favor of the plaintiffs, Thomas and Suzette Hoffmann, for reimbursement of the purchase price and reasonable expenses occasioned by Splash Pools’ sale of a pool to the Hoffmanns.
FACTS AND PROCEDURAL HISTORY
In April 2011, Thomas and Suzette Hoff-mann purchased a 24’ X 54’ Protégé aluminum pool from Splash Pools at its Baton Rouge retail store, and the pool was installed in-ground at the Hoffmanns’ residence in Prairieville, Louisiana. Two years later, the Hoffmanns uncovered their pool to discover that its liner was floating in the water. The Hoffmanns immediately reported the problem to Splash Pools, who informed them it was not responsible for the installation of manufactured pools. However, Splash Pools agreed to work with the Hoffmanns to resolve their problems in a satisfactory manner. Splash Pools arranged for Richard Howard, a pool installer, to inspect the Hoffmanns’ pool, and he subsequently reported that it needed to be completely redone as it was installed incorrectly. Howard was not paid by the Hoff-manns, but was provided by Splash Pools. Following Howard’s inspection, Splash Pools contacted Wilbar International *276 (“Wilbar”), the manufacturer of the Hoff-manns’ pool, and Wilbar compensated Splash Pools by giving it a credit to remove the Hoffmanns’ existing pool and install a new one.
Splash Pools arranged for Tony Coff-man to complete the demolition of the first pool and to install the second pool. Splash Pools directed Mr. Coffman to the Hoff-manns’ home, and it directly paid him for the pool work, a total of $5,500.00 through two checks as the instillation progressed. For the final payment, Splash Pools issued a check to Suzette Hoffmann for $3,500.00, and instructed her to withhold payment of those funds to Mr. Coffman until he satisfactorily completed the installation of their pool.
|aMr. Coffman began his demolition/installation work in August 2013, finishing two months later in October. Almost immediately after Mr. Coffman finished installing the second pool, the Hoffmanns experienced problems with the pool’s installation and the concrete deck surrounding it.
On March 11, 2014, the Hoffmanns filed a petition for damages, naming Splash Pools as the defendant, and asserting claims of redhibition and breach of contract. On December 17, 2014, the Hoff-manns filed a first supplemental and amending petition naming Mr. Coffman as an additional defendant and alleging tort liability for his faulty installation of the second pool.
On March 30, 2015, the Hoffmanns filed a motion for summary judgment, seeking to establish themselves as third-party beneficiaries of the agreement between Splash Pools and Wilbar. As such, the Hoffmanns argued they were “entitled to demand performance from Splash Pools for what was stipulated: a newly installed, usable swimming pool.” The Hoffmanns likewise filed a motion for summary judgment on vicarious liability, seeking to establish an employer-employee contractual relationship between Splash Pools and Mr. Coffman.
In a judgment signed on June 22, 2015, the trial court granted the Hoffmanns’ motion for summary judgment finding that they were beneficiaries of a stipulation pour autrui between Splash Pools and Wilbar, and denied the Hoffmanns’ motion for summary judgment regarding vicarious liability of Splash Pools for the actions of Mr. Coffman. Splash Pools filed a writ application challenging the trial court’s decision. Splash Pools’ writ application was denied by this court on October 19, 2015. Hoffmann v. B & G Inc., 2015-1060 (La. App. 1st Cir. 10/19/2015)(unpublished action).
Thereafter, the matter went to trial. After the trial and submission of post-trial memoranda, the trial court rendered judgment in favor of the Hoffmanns, pursuant to La. Civ. Code art. 2531, for their redhi-bition claim in the amount of $28,534.63, | ¿consisting of reimbursement of the purchase price and reasonable expenses occasioned by the sale, plus legal interest from the date of the Hoffmanns’ payment to Splash Pools, April 23, 2011, and all costs of the proceedings. It is from this judgment that Splash Pools appeals, citing the following assignments of error:
1. The trial court erred in finding that the Hoffmanns had proved a valid claim of redhibition based on the failure to remedy the defect in the first pool.
2. The trial court erred in finding that Splash Pools had the right to exercise significant control over the independent pool installer, Mr. Coffman, with respect to the installation of the Hoff-manns’ second pool.
3. The trial court erred in awarding damages to the Hoffmanns based on *277 a redhibition claim to which they were not entitled.
4. The trial court erred in awarding damages to the Hoffmanns for which the Hoffmanns failed to provide any credible and competent proof thereof and in providing for interest on these damages.
5. The trial court erred in failing to award Splash Pools any credit for the two (2) years of use and enjoyment that the Hoffmanns received with the first pool.
6. The trial court erred in failing to find comparative fault that was attributable to the Hoffmanns and Mr. Coff-man.
In response, the Hoffmanns answered the appeal seeking additional damages for their third-party-beneficiary claim, for their general damages claim based on mental anguish and inconvenience, and for their general property damages claim.
LAW AND ANALYSIS

REDHIBITION

In its first three assignments of error, Splash Pools contends that the Hoffmanns do not have a valid claim in redhibition because their claim was based on defects with the first pool which was completely removed from the Hoffmanns’ residence, and the second pool provided by Splash Pools was not defective, but rather was improperly installed. It is Splash Pools’ position that the trial court erred in finding that Splash Pools had the right to exercise significant control over the independent pool installer, Mr. Coffman. Additionally, Splash Pools argues that it [Swas not given notice of problems with the second pool nor was it given an opportunity to repair any issues with the second pool.
The existence of a redhibitory defect is a question of fact, which cannot be disturbed on appeal unless the record as a whole establishes that the finding is manifestly erroneous or clearly wrong. Landaiche v. Supreme Chevrolet, Inc., 602 So.2d 1127, 1131 (La. App. 1st Cir. 1992). Similarly, the avoidance of a sale as a remedy for defects in a product is a factual question, the resolution of which is best left to the trier of fact. Vincent v. Hyundai Corp., 633 So.2d 240, 243 (La. App. 1st Cir. 1993), writ denied, 93-3118 (La. 2/11/94), 634 So.2d 832. A court of appeal may not set aside a fact-finder’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Before an appellate court may reverse a fact-finder’s determinations, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong. Stobart v. State, through Dept. of Transp. and Develop., 617 So.2d 880, 882 (La. 1993).
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice. See La. Civ. Code art. 2520.[1] In a suit for redhibition, *278 the plaintiff must prove: 1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that had he | (¡known of the defect, he would never have purchased it;[2] 2) the thing contained a non-apparent, or latent, defect at the time of sale; and 3) the seller was given an opportunity to repair the defect.[3] Jackson v. Slidell Nissan, 96-1017 (La.App. 1 Cir. 5/9/97), 693 So.2d 1257, 1262.
In this matter, the Hoffmanns wanted to purchase an in-ground pool for their grandchildren to enjoy when they came to visit. The Hoffmanns went to Splash Pools to look at their options and decided to purchase the Protege pool. Splash Pools advertised the pool for a single price “fully installed,” and gave the Hoffmanns the name of an installer to install their pool.
After the pool was installed in-ground, the Hoffmanns used the pool for two summers. However, when removing the pool cover in April 2013, the Hoffmanns discovered that the pool liner was detached and floating in the water. Mrs. Hoffmann reported the problem to Splash Pools, who stated that it was a retail store and not responsible for repair. Splash Pools ultimately arranged for Richard Howard, a pool installer, to inspect the Hoffmanns’ pool, Mr. Howard reported to Splash Pools that the pool needed to be completely redone.
Subsequently, Splash Pools discussed the issue about the Hoffmanns’ pool with Wilbar. After discussing the problems with Wilbar, it was revealed that Wilbar no longer recommended installation of the Protege pool purchased by the Hoffmanns to be completely in-ground, and instead recommended installation semi-in-ground. Wilbar determined that the model of pool purchased by the Hoffmanns was not suitable to be placed completely in-ground. Wilbar agreed to provide Splash Pools [7with a credit sufficient to demolish the Hoffmanns’ first pool and install a new pool that was suitable to be installed completely in-ground.
After reaching its agreement with Wil-bar, Splash Pools contacted Mr. Coffman to demolish the Hoffmanns’ old pool and install a new pool. Mr. Coffman was a pool installer that Splash Pools had previously recommended to install pools for other customers. Without any input whatsoever from the Hoffmanns regarding who the installer would be, Splash Pools informed the Hoffmanns that Mr. Coffman was coming to their home to remove the Protege pool and install a new in-ground pool. After Mr. Coffman contacted the Hoffmanns, the Hoffmanns and Mr. Coffman signed a *279 “Pool Installation Contract” for Mr. Coff-man to install a new pool. The contract noted that $9,500.00 was paid in full and that the Hoffmanns were “not responsible for payment.” Splash Pools paid Mr. Coff-man in installments of $3,000.00 and $2,500.00 as he completed the work. The final payment of $3,500.00 was given to Mrs. Hoffmann by Splash Pools to pay Mr. Coffman when all the work was completed.[4] Mrs. Hoffmann testified that Splash Pools orchestrated the entire installation and she was “totally unaware” that she was given a choice on who installed the second pool. Mrs. Hoffmann stated that she did not select Mr. Coffman, nor did she pay him.
Unfortunately, the pool installed by Mr. Coffman had several problems. As described by Maitland Hall, a pool builder with 35 years of experience who inspected the pool on the Hoffmanns’ behalf, it was “a struggle to use” and “a disaster.” Mr. Hall informed the trial court about all the problems with the second pool: most notably, that the pool was not level, the pool walls were bowed, the pool was leaking, and the cement around the pool sloped toward the pool rather than away from the pool. He indicated that the problems with the second pool were due to | ¡¿faulty installation and npt with the pool itself. The Hoffmanns were never able to use the second pool installed by Mr. Coffman.
In this matter, the evidence reveals that the first Protege pool sold to the Hoff-manns by Splash Pools as an in-ground pool was not suitable to be installed in-ground and was absolutely useless for its intended purpose. Mrs. Hoffmann testified that she “would never have purchased that pool” had she known that it would collapse in on itself and be unusable. The defect in the pool when installed in-ground was unknown and non-apparent to the Hoffmanns at the time of the sale.
A good faith seller is to be afforded a reasonable opportunity to repair the defect in the light of the particular circumstances of each case. La. Civ. Code art. 2531; Reid v. Leson Chevrolet Co., Inc., 542 So.2d 673, 675 (La.App. 5th Cir. 1989). What constitutes a reasonable opportunity to repair a defective product is a question for the finder of fact. Reid, 542 So.2d at 675.
At the time Splash Pools sold the Protege pool to the Hoffmanns, it was not the position of Wilbar that the Protege pool purchased by the Hoffmanns was unsuitable to be installed completely in-ground. Any defect in the pool’s suitableness for installation in-ground was not known nor apparent to Splash Pools at that time. Therefore, we agree with the trial court’s conclusion that Splash Pools was a good faith seller, and that Splash Pools was given an opportunity to provide the Hoff-manns with a workable in-ground pool.
The Hoffmanns’ redhibition claim stems from Splash Pool’s sale of the first Protege pool to the Hoffmanns, and the failure of Splash Pools to remedy the redhibitory defect. It is immaterial that Splash Pool’s attempt to replace the original defective pool with a second pool failed as a result of faulty installation, because in the end, Splash Pools, who provided the installer, Mr. Coffman, and paid him for his work, did not give the Hoffmanns the primary object of the initial sale, an in-ground swimming pool free from defects.
[ sSplash Pool’s contention that there was no defect in the second pool is of no relevance. The trial court did not find a *280 redhibitory defect in the second pool, but instead concluded, considering all the transactions between Splash Pools and the Hoffmanns as a whole, that the primary object of the sale between the Hoffmanns and Splash Pools was a workable in-ground pool. The first pool was defective. Splash Pools was given a reasonable opportunity to repair the defect and provide a workable in-ground pool. The evidence revealed that Splash Pool’s efforts to provide the Hoffmanns with a usable pool were not successful.
Therefore, we find no manifest error in the trial court’s factual findings that Splash Pools sold the Hoffmanns a pool that was absolutely useless for its intended purpose (an in-ground swimming pool), that this defect was not apparent at the time of the sale, and that Splash Pools was given a reasonable opportunity to repair the defective pool. Splash Pools failed to provide the Hoffmanns with a defect-free usable in-ground swimming pool. Thus, we find the trial court correctly concluded that the Hoffmanns met each of the requirements for a valid claim in redhibition.

DAMAGES

In its fourth assignment of error, Splash Pools contends that the trial court erred in awarding damages to the Hoffmanns for which the Hoffmanns failed to provide any credible and competent proof thereof and in providing for interest on these damages.
A reviewing court should not set aside an award of special damages unless an analysis of the facts and circumstances reveals an abuse of discretion in setting the award. See Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1 Cir. 11/9/95), 664 So.2d 1207, 1214. Further, the standard for appellate review of general damages is set forth in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert denied, 510 U.S. 1114,114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), wherein the Louisiana Supreme Court stated that the discretion of the trier of fact is |ingreat, and even vast, so that an appellate court should rarely disturb an award of general damages.
Louisiana Civil Code article 2531 provides for the liability of a good faith seller, who knew not of the defect in the thing sold, stating in pertinent part:
A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.
Under Article 2531, the seller is bound to repair the vices in the thing sold. Jurisprudence has interpreted this to mean that the buyer is entitled to be returned as near as possible to status quo at the time of the sale. See Busenlener v. Peck, 316 So.2d 27, 31 (La. App. 1st Cir. 1975).
Having found that Splash Pools failed to repair the Hoffmanns’ pool, Splash Pools is bound to return the price to the Hoffmanns with interest from the time it was paid, and to reimburse the Hoffmanns for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing. See La. Civ. Code art. 2531.
In this matter, the trial court awarded damages in the amount of $28,534.63 to the Hoffmanns. The trial court’s award included $9,890.66 for the cost of the first pool and $3,425.00 for installation of the first pool. The additional damages awarded by the trial court were *281 based on testimony of Mrs. Hoffmann regarding the expenses they incurred for fencing and concrete around the pool, tree removal, tractor work necessary to install the pool, chemicals and plumbing for the pool, and pool steps and ladders. Additionally, Mrs. Hoffmann provided an invoice from Mr. Doug Palmer, a general contractor, with a cost estimate to demolish the second pool. After careful analysis of the facts and circumstances in this case, we find no abuse of Indiscretion by the trial court finding these expenses were reasonable expenses occasioned by the sale.
We do find merit to Splash Pools’ contention that the trial court erred in ordering that it pay legal interest on the total damage award from the April 23, 2011 date that the Hoffmanns purchased the pool, rather than on the price the Hoffmanns paid for the pool. Article 2531 provides that the seller is bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale. Thus, the interest from April 23, 2011, is only applicable to the $9,890.66 price the Hoffmanns’ paid to Splash Pools for the first pool. Interest on the remainder of the damages awarded by the trial court should run from March 11, 2014, the date of judicial demand by the Hoffmanns.

CREDIT FOR USE

In its fifth assignment of error, Splash Pools contends that the trial court erred in failing to award Splash Pools any credit for the two years of use and enjoyment that the Hoffmanns received with the first pool.
Louisiana Civil Code article 2531 provides that a good faith seller is entitled to a credit if the use made of the thing, or the fruits it has yielded, were of some value to the buyer. However, it is well-established in our jurisprudence that the seller who asserts such entitlement bears the burden of proving the value of the use of the defective thing. See Lovell v. Blazer Boats Inc., 2011-1666 (La.App. 1 Cir. 10/24/12), 104 So.3d 549, 556; Alleman v. Hanks Pontiac-GMC, Inc., 483 So.2d 1050, 1057 (La. App. 1st Cir. 1985), writ denied, 485 So.2d 54 (La. 1986).
In Alexander, the Louisiana Supreme Court explained a defendant/seller’s entitlement to a credit for use of a thing having a redhibitory defect:
A credit for a purchaser’s use of a product may be proper in certain instances.... Compensation for the buyer’s use, however, ought not be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller’s attempts to repair.
Alexander v. Burroughs Corp., 359 So.2d 607, 610-11 (La. 1978).
The grant of a credit for use is discretionary with the trial court. Guillory v. Jim Tatman’s Mobile Homes, Inc., 490 So.2d 1185, 1189 (La. App. 3rd Cir. 1986). Requests for credit upon rescission of sale may not be based on use alone without evidence of any value from use. Splash Pools did not plead entitlement to a credit for the Hoffmanns’ use of the first pool, and the only evidence presented in court regarding use of the pool was the Hoff-manns’ testimony that they used the pool for two summers before the problems with the pool became evident. As stated previously, the determination of issues of fact are within the duty of the trial judge, and after a review of the record, no manifest error can be found in not allowing Splash Pools a credit for the Hoffmanns’ use of the pool.

*282
COMPARATIVE FAULT

In its final assignment of error, Splash Pools contends that the trial court erred in failing to find comparative fault that was attributable to the Hoffmanns and Mr. Coffman. Splash Pools contends that the Hoffmanns, who supervised Mr. Coffman in installing the second pool, should bear some responsibility for the poor installation of the second pool. We find no merit to Splash Pools’ assertion. The Hoffmanns did not choose Mr. Coff-man and were not experts in how a pool should be properly installed.
Splash Pools also asserts that Mr. Coff-man’s negligence in the installation of the second pool should have been considered in the trial court’s award. Mr. Coffman was a defendant in the case, but the trial court did not assign any fault to Mr. Coff-man, basing its award in redhibition rather than tort.
A redhibition suit is a contractual action. Comparative fault may not be asserted as a defense in an action for redhibition. See Touro Infirmary v. Sizeler Architects, 2004-0634 (La. App. 4th Cir. 3/23/05), 900 So.2d 200, 205-06, writs denied, 2004-2114 (La. 5/6/05), 901 So.2d 1093 and 2005-1315 La. 1/06, 920 So.2d 232 (finding that the defense of comparative negligence, as codified by La. C.C. art. 2323, does not apply to an action sounding in redhibition, which is governed by the laws of sale and contract). Accordingly, we find no error in the trial court’s decision not to apportion fault to Mr. Coffman.
THE HOFFMANNS’ ANSWER TO THE APPEAL

NONPECUNIARY DAMAGES

The Hoffmanns request an award for general damages for mental anguish and inconvenience. Generally, the amount of damages a plaintiff can recover depends upon the type of seller involved. Under La. Civ. Code art. 2531, a good faith seller, namely one who knew not of the vices in the thing he sold, is required to repair, remedy, or correct the vices or defects in the thing which he sold. If he is unable to do so, he must restore the purchase price and reimburse the reasonable expenses occasioned by the sale and those expenses incurred for the preservation of the thing sold. La. Civ. Code art. 2531. Louisiana Civil Code article 2545 provides that the seller who knows the vice of the thing which he sells and omits to declare it is answerable to the buyer in damages. Damages for mental anguish are only recoverable from a “bad faith” seller. Burch v. Durham Pontiac Cadillac, Inc., 564 So.2d 380, 384 (La. App. 1st Cir.), writ denied, 569 So.2d 968 (La. 1990). Because the record does not support a conclusion that Splash Pools knew or should have known of the vice in the Protege pool at the time of the initial sale, we agree with the trial court’s finding that Splash Pools was a good-faith seller. Thus, an award for non-pecuniary damages is not appropriate under the facts of this case.

PROPERTY DAMAGES

The Hoffmanns requested. that they be reimbursed for $5,000.00 for damage to their property incurred while Mr. Coffman was installing the second pool. The Hoffmanns offered limited evidence of property damage reasonably occasioned by Splash Pools’ sale of the first pool to the Hoffmanns. Accordingly, we find no error |uin the trial court’s decision to not award reimbursement for damages allegedly incurred on the Hoffmanns’ property.

THIRD-PARTY BENEFICIARY CLAIM

Finally, the Hoffinanns allege that as a third-party beneficiary to the *283 agreement between Wilbar and Splash Pools, they are entitled to damages for Splash Pools’ failure to perform the stipulation. Wilbar provided Splash Pools a $9,000.00 credit so that Splash Pools could install a new pool for the Hoffmanns. The Hoffmanns contend that they are entitled to the $9,000.00 that Wilbar credited to Splash Pools, as well as, the value of the second pool. The evidence shows that Splash Pools did not retain any of the credit given to it by Wilbar, and through the trial court’s award of damages in red-hibition the Hoffmanns have already received compensation for the damages sustained. Thus, we find no merit to the Hoffmanns’ assertion that they are entitled to additional damages based on the agreement between Wilbar and Splash Pools.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended to provide that the legal interest from April 23, 2011, be only on the $9,890.66 the Hoffmanns initially paid for the first pool, with legal interest on the remainder of the damages awarded by the trial court to run from March 11, 2014, the date of judicial demand. In all other respects, the judgment of the trial court is affirmed. All costs of the appeal are to be divided between the plaintiffs, Thomas and Suzette Hoffmann and the defendant, B & G Inc. d/b/a Splash Pools & Spa.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.

. Louisiana Civil Code article 2520 provides: The seller warrants the buyer against redhi-bitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it dimin *278 ishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

. Louisiana Civil Code article 2475 provides that "[t]he seller is bound to deliver the thing sold and to warrant to the buyer ownership and peaceful possession of, and the absence of hidden defects in, that thing. The seller also warrants that the thing sold is fit for its intended use.” In Louisiana, sellers are bound by an implied warranty that the tiling sold is free of hidden defects and is reasonably fit for the buyer's intended use. Young v. Ford Motor Co., Inc., 595 So.2d 1123, 1126 (La. 1992).

. Louisiana Civil Code article 2522 provides in part:
The buyer must give the seller notice of the existence of a redhibitory defect in the thing sold. That notice must be sufficiently timely as to allow the seller the opportunity to make the required repairs. A buyer who fails to give that notice suffers diminution of the warranty to the extent the seller can show that the defect could have been repaired or that the repairs would have been less burdensome, had he received timely notice.

. Although the installation contract between Mr. Coffman and the Hoffmanns stated that $9,500.00 was paid in full, the total amount paid to Mr. Coffman by Splash Pools and the Hoffmanns, as well as the credit given to Splash Pools by Wilbar, totaled $9,000.00.